## MURRY *v.* STATE.

### Opinion delivered November 14, 1921.

1. CRIMINAL LAW—MOTION IN ARREST OF JUDGMENT—SUFFICIENCY OF INDICTMENT.—Certainty in an indictment is required when charging an offense, and a demurrer thereto should be sustained unless the language of the indictment charges an offense with reasonable certainty, so as to put the accused on notice of the nature of the charge he is called upon to meet; but, when the sufficiency of the indictment is called in question by motion in arrest of judgment, the rule is different, and if it can be gathered from the language of the indictment that the essentials of the crime are charged either directly or by reasonable inference, then the motion should be overruled.

1a. INDICTMENT AND INFORMATION—WORD "SAID" DEFINED.—The word "said" in legal terminology, and as used in an indictment to designate the defendant, means aforementioned, already spoken of, and refers back to a previous mention of defendant's name.

2. INDICTMENT AND INFORMATION—MISTAKE IN NAMING OFFENSE.—It is immaterial that the indictment misnames the offense as one of removing mortgaged property, if the particular facts necessary to constitute the offense are specifically and accurately alleged as being the offense of removing property subject to a landlord's lien.

3. LANDLORD AND TENANT—REMOVAL OF CROP SUBJECT TO LIEN.—As the gravamen of the offense of removing a crop beyond the State is the intent to defeat the landlord's lien, testimony tending to prove that the landlord had authorized or consented to the removal was competent.

4. LANDLORD AND TENANT—REMOVAL OF CROP SUBJECT TO LIEN—INSTRUCTION.—An instruction, in a prosecution for removing cotton subject to a landlord's lien from the State, to the effect that if the defendant removed the cotton from the State "without the legal authority or consent of the prosecuting witness," the jury should convict him, was erroneous in using the word "legal," being calculated to mislead the jury.

5. LANDLORD AND TENANT—REMOVAL OF CROP SUBJECT TO LIEN—INSTRUCTION.—A request for instruction, in a prosecution for removing a bale of cotton subject to a landlord's lien, from the State, that if the prosecuting witness, either in person or by his duly authorized agents, consented to the removal of the bale of cotton in controversy, you should acquit the defendant, was correct and should have been declared the law.

Appeal from Craighead Circuit Court, Jonesboro District; *R. E. L. Johnson,* Judge; reversed.

*Sloan & Sloan,* for appellant.

1. The offense, if any, became complete in Crittenden County, and the venue of the action was in that county. The presumptive rule from the law of sales adopted by the court, that a delivery to the carrier was delivery to the consignee, applies only between a vendor and vendee, and is a presumption which was never intended to apply to a criminal case. 10 C. J. 228, § 317; 63 Md. 179; 141 Ark. 161; 71 *Id.* 398. Section 2875, C & M. Digest, does not apply. 16 Corpus Juris, 195; 150 Iowa 46; 129 N. W. 336; 13 Mont. 112; 32 Pac. 413; 19 L. R. A. 775 and note; 21 Wend. 509.

2. The indictment is defective in not charging the offense—omits to name any one as the person who removed the cotton. An indictment should be certain to every intent, and without intendment to the contrary. 6 Ark. 165; 42 Am. Dec. 689; 22 Cyc. 293. C. & M. Dig., § 3017, relates only to the correction of misnomers. 110 Ark. 51. The *Phillips* case, 35 Ark. 384, is not in point. In that case no inconsistency occurs in the indictment by accusing a person of removing *mortgaged property,* and then, as in this case, charging an unnamed person, or blank, with removing property subject to *a landlord's lien.* 27 Idaho 223; 147 Pac. 786; 199 Mo. 261; 97 S. W. 860.

3. There was a fatal variance between the allegation in the indictment charging the removal of "one bale of cotton of the value of sixty dollars, upon which cotton one L. D. Horn had a landlord's lien," and the uncontradicted evidence that Horn's lien, if any, was only on an undivided interest therein. 66 Ark. 120; 55 Ark. 244; 70 *Id.* 144; 21 Tex. App. 520; 2 S. W. 859.

4. The admission in evidence of the purported copy of Murry's letter to Strong & Cartwright, was a clear violation of the best evidence rule. 66 Mo. App. 663; 67 Mo. 446; 61 S. W. 937; 11 Ark. 504; 54 Am. Dec. 212; 12 Ark. 692.

5. Proof of value was an essential ingredient of the offense charged. 105 Ark. 172. And the testimony of the witness, Harrell, on the market value of the cotton shipped to Memphis, as to his opinion of the market value without fixing time, place, grade or condition of cotton, and without proof of the grade or condition of the cotton shipped, was clearly incompetent.

6. The court's instruction on the burden of proof and the presumption of innocence was misleading, confusing and contradictory. Underhill on Criminal Evidence, 2nd Ed., § 22; *Id.* § 23, p. 42; 9 Enc. of Ev. 924. Neither conviction nor acquittal should be emphasized in an instruction. 139 Pac. 1156. See also 156 U. S. 432; 16 Corpus Juris, 984; 46 L. R. A. (N. S.) 1149, 1156; 71 Ark. 398; 83 *Id.* 81, 84; 69 *Id.* 537.

*J. S. Utley,* Attorney General, *Elbert Godwin* and *W. T. Hammock,* Assistants, for appellee.

1. The venue was in Craighead County. C. & M. Dig., § 2875.

2. Where the accused fails to demur to an indictment, and elects to wait and challenge the sufficiency of the indictment by motion in arrest of judgment after the verdict is returned, the motion will be overruled, if the language of the indictment is such that it can be gathered therefrom that the essentials of the crime are charged, either directly or by reasonable inference. 131 Ark. 542; 110 Ark. 549; 2 Stand. Enc. of Procedure, 1015; 16 Fed 376; 168 *Id.* 682.

3. The variance is not fatal. The proof shows that neither Horn nor his agent knew that appellant mixed the cotton with cotton grown elsewhere, until after it had been shipped. Appellee mixed it with other cotton at his own peril. 5 R. C. L. § 4, p. 1052; 44 Ark. 447.

4. The admission of the copy of appellant's letter in evidence, if erroneous, was harmless, and therefore not reversible. 111 Ark. 272; 112 *Id.* 507; *Id.* 269.

5. Harrell's testimony as to the value of the cotton was admissible for the purpose of showing that the value

of the cotton was more than $10, the purpose for which it was introduced. 105 Ark. 172.

Wood, J. The appellant was convicted on an indictment which reads as follows:

"The grand jury of Jonesboro District, Craighead County, in the name and by the authority of the State of Arkansas, accuse H. D. Murry of the crime of removing mortgaged property committed as follows, to-wit: The said * * * in the county, district and State aforesaid, on the 24th day of January, A. D. 1921, did unlawfully, knowingly and feloniously remove from the limits of the State of Arkansas one bale of cotton of the value of sixty dollars, upon which cotton one L. D. Horn had a landlord's lien to secure the payment of one hundred dollars rent due him by the said H. D. Murry as his tenant, with the felonious intent to defeat the holder of said lien in the collection of the said debt secured by such lien; against the peace and dignity of the State of Arkansas."

The appellant moved to arrest the judgment on the ground that the indictment did not charge the appellant with a public offense.

The statute under which the appellant was indicted reads in part as follows: "It shall be unlawful for any person to sell, barter, exchange or otherwise dispose of, or to remove beyond the limits of this State, or of the county in which a landlord's or laborer's lien exists, or in which a lien has been created by virtue of a mortgage or deed of trust, any property of any kind, character or description, upon which a lien of any kind enumerated above exists; provided, such sale or barter, exchange, removal or disposal of such property be made with the intent to defeat the holder of such lien in the collection of the debt secured by such mortgage, laborer's or landlord's lien." Crawford & Moses' Digest, § 2552.

In *Davis* v. *State,* 131 Ark. 542, we said: "Certainty in an indictment is required when charging an offense, and a demurrer thereto should be sustained unless the language of the indictment charges an offense

with reasonable certainty, so as to put the accused on notice of the nature of the charge he is called upon to meet; but when the sufficiency of the indictment is called in question by motion in arrest of judgment, the rule is different, and if it can be gathered from the language of the indictment that the essentials of the crime are charged either directly or by reasonable inference, then the motion should be overruled." See also *Loudermilk* v. *State,* 110 Ark. 549.

It will be observed that the grand jury accused H. D. Murry "of the crime of removing mortgaged property, committed as follows, to wit, etc." The indictment then proceeds to describe the manner in which the offense is alleged to have been committed, and this description shows that the offense consisted in feloniously removing from the limits of the State of Arkansas a bale of cotton, of the value of $60, upon which one L. D. Horn had a landlord's lien to secure the payment of $100 rent due him by the said H. D. Murry as his tenant, etc." The word "said" in legal terminology, means "aforementioned, already spoken of," and is used in the indictment to designate the appellant. After the appellant's name is mentioned the word "said" in the clause following relates back to the appellant's name; and although in the first or accusing clause of the indictment the offense is designated as "removing mortgaged property" yet the specific acts alleged to constitute the offense are set forth, and this description shows the alleged crime to be the removal of one bale of cotton out of the State of the value of $60 upon which L. D. Horn had a landlord's lien, etc. So, although the offense was erroneously designated as "removing mortgaged property" it was in fact the removal of property upon which there was a landlord's lien.

In *Kelly* v. *State,* 102 Ark. 651-55, we said: "A discrepancy or mistake in the naming of an offense in an indictment will not vitiate the same if the particular facts necessary to constitute the offense are specifically and accurately described. 'The name of the crime is

controlled by the specific acts charged, and an erroneous name of the charge does not vitiate the indictment.'" See also *Spear* v. *State,* 130 Ark. 457-462.

Sec. 2552 Crawford & Moses' Digest provides: "It shall be unlawful for any person * * * to remove beyond the limits of this State, or of the county in which a landlord's or laborer's lien exists * * * any property of any kind, * * * upon which a lien of the kind enumerated above exists; provided such * * * removal or disposal of such property be made with the intent to defeat the holder of such lien in the collection of the debt secured by such * * * landlord's lien."

Sections 2554 and 2555 prescribe the penalty for a violation of the above statute.

The trial court gave instruction No. 2 on its own motion, which, after setting forth the provisions of the above statute, reads in part as follows: "If you find from the evidence in this case, beyond a reasonable doubt, that the defendant, H. D. Murry, in the Jonesboro District of Craighead County on the 24th day of January, 1921, or at any time within one year next before the 19th day of April, 1921, removed or caused to be removed from the State of Arkansas, without the legal authority or consent of the prosecuting witness, L. D. Horn, one bale of cotton of the value of sixty dollars, * * * from the city of Jonesboro, Arkansas, to the city of Memphis in the State of Tennessee, and that at such time the said L. D. Horn had a valid and subsisting landlord's lien thereon for rent due him in the sum of one hundred dollars, * * * with the purpose and intent of defeating the said L. D. Horn in the collection of his said lien and thereby defraud him in the collection of any rent that may have been due him thereon, * * * then it will be your duty to convict him," etc.

Among other specific objections made to the instruction is the following: "The word 'legal' in the expression 'without the legal authority or consent of the prosecuting witness, L. D. Horn.' The use of this word

is apt to mislead the jury, causing them to believe that authority or consent must be given in some particular form. The instruction should read 'without authority or consent or subsequent ratification of the prosecuting witness, L. D. Horn.' The court overruled appellant's objection to the instruction.

Among others, the appellant presented the following prayer for instruction: "If the prosecuting witness, Horn, either in person, or by his duly authorized agent, consented to the removal of the bale of cotton in controversy, you should then acquit the defendant." The court refused to grant this prayer.

The testimony on behalf of the State tended to prove that one L. D. Horn rented to the appellant for the year 1920 sixty acres of land in Craighead County, Arkansas, for which the appellant agreed to pay $200. Appellant gave Horn his check for $100, and executed his note for the balance. The appellant moved off the place at the close of the year without paying the note. The note was placed by Horn in the hands of one Harrell for collection. Harrell went to the place in September before the note was due and informed the appellant that he held the same for collection. Appellant said that he would pay the said note when it was due, and Harrell did not at that time doubt but that he would pay it. Harrell then told appellant not to move the crops out. Horn had not at that time directed Harrell to forbid Murry marketing his crops. Harrell went to the place again in December after the note was due. Appellant had then moved off the place. He stated to Harrell that he had shipped three bales of cotton to Memphis and would pay the note when he got returns on that cotton. He made no statement about where the cotton came from. He stated that he was to pay the rent out of that cotton, and witness told him that was all right if he paid the rent out of it. Harrell did not object to his shipping that cotton to Memphis. "The old man (appellant) talked like he was going to pay it, and that

was all right then." On January 31st, Harrell went to see appellant and appellant told him that a certain bale of cotton, part of which was grown on Horn's place, had been shipped to Memphis, and he would pay the proceeds over to Harrell. The appellant did not pay, and criminal prosecution was instituted against him.

Witness Horn, among other things, testified that he did not give appellant authority to ship the cotton and did not pay anything to appellant to dispose of the cotton or ship it. "The day we went out there it seems to me that Mr. Harrell told him that it was all right so he paid that rent."

The appellant testified, and among other things denied that Harrell told him not to move the crops out. He stated that he wrote Harrell when he moved, and Harrell and Horn came to his house to speak to witness about the rent. Witness detailed the conversation between himself and Horn as follows: "I have 973 pounds of cotton that came from your place, Dr. Horn, and there was one or two hundred pounds in the patch when I left there, and I asked Mr. Jim Broadway to please not let his cattle in there to eat it up—I would like to get enough to make out a bale—if not, I have a few remnants that I intend to mix in with the 973 pounds and I intend to finish the bale out and sell it and pay you. He never said a word, he just said, 'All right.' "

The gravamen of the offense of which appellant was convicted is the removal of property beyond the limits of the State *with the intent to defeat the lien holder in the collection of his debt;* and, on the issue as to the intent of the appellant, testimony tending to prove that the landlord had authorized the removal, or that he consented to it, was competent. *Lawhorn* v. *State,* 108 Ark. 474; *Osborne* v. *State,* 109 Ark. 440. Such authority or consent on the part of the landlord could be shown by any competent testimony tending to prove it. Such

authority or consent, to be *legal,* would not have to be in writing or evidenced in any other special manner.

In view of the above testimony we are convinced that the court erred in not striking out the word 'legal' before the words 'authority or consent' in its instruction. The word 'legal' had no place in the instruction, because, if the landlord authorized the removal, or consented to it at all, it was legal, and the use of that word was surplusage, argumentative, and calculated to lead the jury into a realm of speculation as to what was or was not legal authority. If the court's attention had not been specifically drawn to this word, the error would not have been prejudicial, because the objection was to the phraseology, and was one to which the attention of the court should have been specifically called. When this was done, however, fairness to the appellant required that the objectionable word be eliminated. The error in refusing to do so is made more manifest when taken in connection with the refusal to grant appellant's prayer for instruction No. 5. This prayer was correct, and a succinct declaration of the law applicable to the testimony adduced. It occurs to us that the refusal to give it shows that the trial court was laying undue emphasis on the word 'legal' used in its instruction. At least the jury might have been so impressed.

Counsel for appellant urge that many other errors were committed, but we have found no other reversible error in the record and deem it unnecessary to discuss other assignments. For the error indicated, the judgment is reversed, and the cause remanded for a new trial.