Carl L. MENY *v.* STATE of Arkansas

CR 92-1481                                        861 S.W.2d 303

Supreme Court of Arkansas
Opinion delivered September 20, 1993

*J. Sky Tapp,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Sandy Moll,* Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. On November 14, 1991, Tyson Efird, eighteen years old, was kidnapped at gunpoint from The Food Center in Malvern where he worked. The state alleged Efird was held captive by Carl Meny, appellant, and Kevin Scott, a co-defendant, until November 20th, when Efird was released by his captors. Efird testified that during his abduction he was repeatedly raped by Meny, and that on two occasions Meny had tried to suffocate him.

Meny was charged with three counts of rape, one count of kidnapping and one count of attempted capital felony murder. Trial was held on June 29, 1992, and the jury found Meny guilty on all five counts. He was sentenced to three consecutive life terms for each count of rape, thirty years for the attempted capital felony murder and twenty years for kidnapping. Meny brings this appeal, arguing five points for reversal, none of which have merit.

I

Trial Court Erred In Refusing To Grant Appellant's Motion To Change Venue To A County In Another Judicial District.

At a pretrial hearing Meny moved for a change of venue based on pretrial publicity. The trial court granted the motion, changing the trial from Hot Spring County to Saline County. Meny was not satisfied and requested a different judicial district. The motion was denied. On appeal Meny argues it was error for the trial court to deny a change of venue outside the judicial district.

While we have indicated that a trial may be moved to another judicial district, *see Anderson* v. *State,* 278 Ark. 171, 644 S.W.2d 278 (1983), Meny made no showing in support of such a change, nor even for a change to another county. A criminal case may be removed to the circuit court of another county upon a showing that the minds of the inhabitants of the county where the case is pending are so prejudiced that a fair and impartial trial

cannot be had. Ark. Code Ann. § 16-88-201 (1987). The burden is on the defendant to show an inability to obtain a fair trial. *Morris* v. *State*, 302 Ark. 532, 792 S.W.2d 288 (1990). We will not disturb the finding of the trial court in the absence of an abuse of discretion. *Id.*; *Gardner* v. *State*, 296 Ark. 41, 754 S.W.2d 518 (1988).

Here the record as abstracted lacks *any* evidence offered by Meny, other than conclusory argument by defense counsel. It is fundamental that the record on appeal is confined to that which is abstracted. *Lee* v. *State*, 297 Ark. 421, 762 S.W.2d 790 (1989). The burden is on the appellant to show prejudice for a change of venue, and absent any evidence to that effect, we must affirm the trial court's denial of the motion.

## II

Trial Court Erred In Refusing To Sequester The Jury And Refusing To Grant A Mistrial After One Of The Prospective Juror's Made An Unsolicited Reference To Press Coverage Of The Case During Voir Dire.

During voir dire, the following exchange took place:

*Prospective Juror*: Mr. Harmon, may I ask you a question?

*Harmon*: Would you state your name?

*Juror*: My name is Joyce Staggs.

*Harmon*: Yes, Ma'am.

*Juror*: We've all heard and read the paper, newspaper of the incident.

Defense counsel moved for a mistrial on the grounds that Ms. Staggs's comment had tainted the jury panel. The trial court denied the motion and the state proceeded to question Ms. Staggs and the other prospective jurors to see if they had read anything about this case and if they had formed any opinions as to guilt or innocence. No one said they had. The state asked whether they could set aside what they had heard or seen and base their decision on the testimony at trial and all responded in the affirmative. The trial court also addressed the panel, explaining the difficulty caused by publicity and encouraging the panel

members to indicate if they could not set any preconceptions aside. All panelists said they could set aside what they had heard. Meny argues it was error not to grant the mistrial.

When prospective jurors state that they can lay aside what they have read or heard and try the case upon the evidence, and give the defendant a fair trial, that generally suffices. We wrote in *Logan* v. *State*, 299 Ark. 266, 773 S.W.2d 413 (1989):

> What the appellant was entitled to and what he got in our judgment was a jury composed of persons who could and did decide the case on the testimony presented in court and not on the basis of news media.

That was shown to be the case here. A mistrial is a drastic remedy and should only be granted under a showing of manifest prejudice. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). No prejudice was shown in this case.

### III

Trial Court Erred In Refusing To Grant A Mistrial After Appellant Was Seen By Jury Panel In Handcuffs.

Following a lunch break defense counsel asked for a hearing in chambers. He told the court Meny was in the hall with handcuffs on and that all of the jurors coming into the courtroom had seen him. The trial judge expressed his regrets and gave instructions to court officers to avoid any recurrence of such an incident. Counsel made no further offer of proof of what the jurors saw and did not request a hearing for such purpose.

We stated in *Hill* v. *State*, 285 Ark. 77, 685 S.W.2d 495 (1985) that where there has been only a brief, inadvertent encounter between potential jurors and a defendant in restraints, prejudice will not be presumed. In the case before us Meny offered no proof that the encounter was anything but inadvertent and momentary and no prejudice occurred.

### IV

Trial Court Erred In Refusing To Grant Appellant's Bill Of Particulars And In Refusing To Dismiss The Charge Of Criminal Attempt At Capital Murder.

The first information charged Meny with rape and kidnap-

ping, but was amended to include attempted capital felony murder, with kidnapping as the underlying felony. This amended information had a supporting affidavit from a police officer who had interviewed the victim. The victim had told the affiant all the details of the kidnapping, rapes and attempted murder and identified Carl Meny as his abductor, which facts were set out in the affidavit. A second amended information was then filed listing all the counts of rape, kidnapping, attempted capital felony murder, as well as new counts of terroristic threatening. This information also included the supporting affidavit from the police officer. The attempted capital felony murder count did not specify the underlying felony.

Meny moved for a bill of particulars to the original information and the first amended information, but the motion was never presented or ruled on. As for the second amended information, no motion for a bill of particulars appears in the record. A pretrial hearing was held where the second amended information was discussed. There was no objection by the defense to the attempted capital felony murder charge at that hearing, although other parts of that information were discussed. The case went to trial, and after the state rested, Meny moved for a directed verdict on the attempted capital felony murder charge, arguing there had been no evidence of any underlying charge. The state responded that rape and kidnapping were the underlying felonies and moved that the information be amended to conform to the proof. Meny protested that it was too late for the state to amend and asked that the attempted murder charge be dismissed. Meny argues he went to trial not knowing the nature of the underlying felony for the murder charge, and though he had requested a bill of particulars, it was denied by the trial court, leaving him in a "Catch-22" situation.

In the first place, there is no record of Meny having moved for a bill of particulars to the information in question, nor was there any objection to the attempted capital felony murder charge at the pretrial hearing where that information was discussed. There is no indication from the record that Meny went to trial without knowing the charges against him. Rather, it appears Meny waited to assess the strength of the state's case before objecting to the information. The proper time to object to the sufficiency of an indictment or information is prior to trial.

Ark. Code Ann. § 16-85-705 (1987); *Prince* v. *State*, 304 Ark. 692, 805 S.W.2d 46 (1991).

Further, while the second information itself did not specify the underlying felony, it was clear from the supporting affidavit that the underlying felonies were kidnapping and rape. As a substitute for a bill of particulars the state may furnish an accused with information in its file and any other information within the control of the state reasonably necessary to defend against the charges. *Green* v. *State,* 310 Ark. 16, 832 S.W.2d 494 (1992). Where the indictment or information may be deficient, that deficiency can be corrected by supplying the defendant with a bill of particulars, or other facts detailing the elements of the charge. *Harris* v. *State*, 299 Ark. 433, 774 S.W.2d 121 (1989); *David* v. *State*, 295 Ark. 131, 748 S.W.2d 117 (1988); *Murry v. State*, 150 Ark. 461, 234 S.W. 485 (1921). As in *Green* and *Murry*, we find no prejudice since Meny was sufficiently informed of the charges through the supporting affidavits.

V

Trial Court Erred In Allowing The State To Introduce Character Evidence Against Appellant.

Meny makes three arguments pertaining to testimony given by Tom Andry, a witness for the state. Andry testified that he and Meny lived together as lovers, that when Andry broke off the relationship, Meny shot himself in the arm and told authorities Andry was responsible for the shooting.

Meny first argues the trial judge reversed a pretrial ruling that if Meny elected to testify, the prosecutor would not be allowed to offer evidence that Meny was homosexual. But the trial judge made it clear that he was reserving his ruling until he heard the trial testimony.

Second, Meny contends his prior homosexual acts were not relevant. We disagree. On direct examination Meny testified he was not homosexual but bisexual and had had no sexual relations with a man for twenty years. He further testified that it was the victim who was the sexual aggressor and that he had initially avoided the victim's advances but finally gave in. The trial court ruled that Meny's sexual preference in this case was relevant to intent. We cannot say the trial court's discretion was

abused.

▪ Third, Meny objected to Andry's testimony that Meny had shot himself. However, the defense opened the door to this testimony as Meny had earlier testified that someone had shot into his house and he had been struck in the arm by one of the bullets. He testified that he suspected Tyson Efird, thus explaining his contact with Efird. The state was entitled to meet that proof with Andry's testimony.

The judgment is affirmed.