SLIP OPINION

Cite as 2014 Ark. App. 642

# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR-14-376

| | |
|---|---|
| | **Opinion Delivered** November 12, 2014 |
| DERRICK DEMOND GLENN | APPEAL FROM THE BRADLEY |
| APPELLANT | COUNTY CIRCUIT COURT |
| | [No. CR-2013-16-4] |
| V. | |
| | HONORABLE DON GLOVER, JUDGE |
| STATE OF ARKANSAS | |
| APPELLEE | AFFIRMED |

## LARRY D. VAUGHT, Judge

Appellant Derrick Glenn was convicted by a Bradley County jury of theft of property, a Class A misdemeanor, and sentenced to pay $950 in restitution along with court costs and fees.[1] For his sole point of appeal, he contends that the trial court abused its discretion by denying his motion for a mistrial, which he made during voir dire in response to a prospective juror's question in open court. We affirm.

During voir dire, the trial court asked the panel if anyone had heard or read about the case. One of the prospective jurors, Robert Loflin, asked, "Is this the mistrial?" Out of the hearing of the rest of the jury panel, a bench conference was held, and the following exchange occurred:

---

[1]Glenn was also charged by the State with the offense of breaking or entering, a Class D felony; however, the State voluntarily withdrew that charge when the jury was unable to reach a verdict.

| THE COURT: | [W]hat did you hear about it? |
|---|---|
| LOFLIN: | It was in the paper . . . . Just read it in the paper, two mistrials . . . . This is one of them. I don't know anybody involved. |
| THE COURT: | Sure. Based on what you read in the newspaper, would that have a bearing upon you one way or the other? |
| LOFLIN: | Not really. There wasn't much in the paper. |
| . . . . | |
| PROSECUTOR: | What exactly do you remember about what you read? |
| LOFLIN: | All the paper said was two mistrials. |
| PROSECUTOR: | Did it give any information? |
| LOFLIN: | They didn't give no names. |
| GLENN COUNSEL: | What do you mean by names? You mean the defendant? |
| LOFLIN: | No. It wasn't on there. |
| GLENN COUNSEL: | So how did you know that this – you were inquiring if this was a mistrial? |
| LOFLIN: | I got called for jury duty. I keep track of it. |

Following this colloquy, Glenn's counsel moved for a mistrial. The trial court took the matter under advisement. The trial court then asked in open court, in the presence of the other potential jurors, "Has any – this is the case of *State of Arkansas vs. Derrick Glenn.* Has anybody read about this or heard about it or heard talk about this case? If you have, I want you to come up one at a time and tell me about it." No jurors responded. Voir dire continued, and the twelve-person jury was selected. It included Loflin. After the jury was selected, the trial court denied the

2

SLIP OPINION

motion for mistrial and asked counsel for the State and Glenn, "Is this a good jury?" Both attorneys answered yes. The trial proceeded, and the jury found Glenn guilty of theft of property.

Glenn's sole argument on appeal is that the trial court abused its discretion in denying the motion for mistrial. He argues that Loflin's question tainted the entire panel. Our standard of review for appeals of an order denying a mistrial motion is well established, and a trial court's refusal to grant a mistrial is difficult to overcome:

> A mistrial is an extreme and drastic remedy that will be resorted to only when there has been an error so prejudicial that justice cannot be served by continuing with the trial or when the fundamental fairness of the trial has been manifestly affected. The [trial] court has wide discretion in granting or denying a mistrial motion, and, absent an abuse of that discretion, the [trial] court's decision will not be disturbed on appeal. Among the factors this court considers on appeal in determining whether or not a [trial] court abused its discretion in refusing to declare a mistrial are whether the prosecutor deliberately induced a prejudicial response and whether an admonition to the jury could have cured any resulting prejudice.

*Burks v. State*, 2009 Ark. 598, at 7, 359 S.W.3d 402, 407 (citing *King v. State*, 361 Ark. 402, 405, 206 S.W.3d 883, 885 (2005)).

In *Meny v. State*, 314 Ark. 158, 161, 861 S.W.2d 303, 305 (1993), a juror made the unsolicited comment during voir dire that "[w]e've all heard and read the paper, newspaper of the incident." Counsel for the defendant moved for a mistrial, arguing that the comment had tainted the jury. *Id.*, 861 S.W.2d at 305. The trial court denied the motion, and the supreme court affirmed, holding that there was no prejudice because it was shown that the prospective jurors could set aside the comment and base their decisions on the testimony at trial. *Id.* at 161–62, 861 S.W.2d at 305.

In *Meny*, all of the jurors heard the unsolicited comment; however, because the trial court confirmed that the jurors could set aside the comment and decide the case based on the evidence, no prejudice was shown. *Id.* at 161–62, 861 S.W.2d at 305. In the case at bar, there is likewise no manifest prejudice. First, Loflin's comment was actually a question, which naturally conveyed a level of uncertainty—not fact.[2] Second, Glenn has provided no proof from the other members of the jury panel that they actually heard Loflin's question or, assuming they did, that the question influenced them in any way. Third, after Loflin's question the trial court confirmed with the other members of the panel that they had not read or heard anything about Glenn's case. Based on these facts, we hold that Glenn failed to demonstrate manifest prejudice. Therefore, the trial court did not abuse its discretion when it denied Glenn's motion for mistrial.

Affirmed.

GLOVER and WOOD, JJ., agree.

*Potts Law Office*, by: *Gary W. Potts*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *LeaAnn J. Adams*, Ass't Att'y Gen., for appellee.

---

[2]At a bench conference, Loflin confirmed his uncertainty when he stated that he did not know if the "mistrial" involved Glenn's case. Loflin added that no defendants' names or any other details were included in what he had read.