DAVIS *v*. STATE.

Opinion delivered December 22, 1917.

1. ARREST OF JUDGMENT—CERTAINTY IN AN INDICTMENT.—Certainty in an indictment is required when charging an offense, and a demurrer thereto should be sustained unless the language of the indictment charges an offense with reasonable certainty so as to put the accused on notice of the nature of the charge he is called upon to meet; but when the sufficiency of the indictment is called in question by motion in arrest of judgment, the rule is different, and if it can be gathered from the language of the indictment that the essentials of the crime are charged either directly or by reasonable inference, then the motion should be overruled.

2. SUBORNATION OF PERJURY—SUFFICIENCY OF INDICTMENT.—An indictment charging subornation of perjury, when tested on motion in arrest of judgment, *held,* to allege that the perjured testimony was given under oath.

Appeal from Columbia Circuit Court; *Chas. W. Smith,* Judge; affirmed.

*Sid White,* for appellant.

1.   The judgment should have been arrested.   Every material fact necessary to constitute the offense must be alleged in the indictment.   Kirby's Digest, § 2427; 29 Ark. 70-1; 37 *Id.* 117; 100 *Id.* 196; 103 *Id.* 433-4.   The indictment must state all the essential elements of perjury as well as of subornation of perjury.   Kirby's Digest, § § 1972-3; 30 Cyc. 1440; 72 Ark. 192; 47 *Id.* 553; 53 *Id.* 395.

2.   It fails to charge that the witness Atkins was ever sworn.   24 Ark. 595; 30 Cyc. 1440; 2 Wharton, Cr. Law (11 ed.), § 1549; Kirby's Digest, § 1968; 110 Ark. 555.

3.   It fails to charge that the court had jurisdiction. 110 Ark. 554; 45 *Id.* 336; 80 *Id.* 226; 30 Cyc. 1440; 2 Wharton, Cr. Law (11 ed.), § 1549.   It also fails to charge the falsity of the alleged evidence.   59 Ark. 119; 54 *Id.* 584; 30 Cyc. 1437.   Or by antithesis the truth as to the matters alleged.   59 Ark. 119; 54 *Id.* 584; 30 Cyc. 1437.   Or that Atkins "knowingly and wilfully" testified as alleged.   30 Cyc. 1437; 2 Wharton, Cr. Law, § 1593, p. 1730.

4.   Perjury must be wilfully and corruptly committed.   59 Ark. 113; 32 *Id.* 192; 30 Cyc. 1403.

*John D. Arbuckle,* Attorney General, and *T. W. Campbell,* Assistant, for appellee.

1.   The same strictness is not required when an indictment is attacked by motion in arrest as upon demurrer.   110 Ark. 549; 144 Fed. 801.   It sets forth the substance of the offense.   Kirby's Digest, § § 1970-3; 155 Mass. 224; 149 Fed. 869.   Defects not prejudicial are not material.   Jurisdiction is sufficiently charged.   Kirby's Digest, § 2229; 63 Ark. 618, etc.

2.   The finding of a jury on a disputed question of fact will not be disturbed.   104 Ark. 162; 101 *Id.* 51; 103 *Id.* 4.

3.   The witness was sworn and he was corroborated. 53 Ark. 395.

4.  Atkins was not drunk and knew he was testifying falsely.  The jury were properly instructed and the verdict is conclusive.

McCULLOCH, C. J.  The defendant, John Davis, was convicted of the crime of subornation of perjury under an indictment which (omitting caption) reads as follows:

"The said defendant, on the 27th day of August, 1917, in Columbia County, Arkansas, did unlawfully, wilfully, corruptly and feloneously procure one Earl Atkins to commit wilful and corrupt perjury in a cause then pending in the Columbia Circuit Court, February term, 1917, wherein the State of Arkansas was plaintiff and John Davis was defendant, charged with the offense of an assault with intent to kill, alleged to have been committed upon one Frank Turner by offering to pay to him, the said Earl Atkins, the sum of ten dollars and giving to him, the said Earl Atkins, before and during said trial, whiskey; said false, perjured and corrupt testimony being given by the said Earl Atkins was then and there material to the issue and in substance as follows, towit: That the said Earl Atkins, while standing in front of Hutchinson's drug store, in the city of Magnolia, Columbia County, Arkansas, saw one Frank Turner make an assault upon him, the said John Davis, with an open knife, in the hands of him, the said Frank Turner, before he, the said John Davis, interfered or attempted to raise a difficulty with him, the said Frank Turner, which said testimony given by the said Earl Atkins was in truth and in fact false, corrupt and perjured, and the said John Davis well knew at the time he, the said John Davis, procured the said Earl Atkins to give such testimony that the same was false, corrupt and perjured, against the peace and dignity of the State of Arkansas."

There was a demurrer to the indictment, but a ruling thereon of the court was never requested.  After conviction there was a motion in arrest of judgment, and the principal contention here for reversal is that the indict-

ment is not sufficient to charge a public offense and that for that reason the court erred in refusing to arrest the judgment. The sufficiency of the indictment is attacked in several particulars, but it must be remembered that the rule established for interpreting an indictment when the question arises on motion in arrest of judgment is that "the language of the indictment will be given that construction and interpretation which results in holding it sufficient, if it is not manifest that another construction and interpretation is required, as called for by the plain, ordinary and usual meaning of the words of the indictment." *Loudermilk* v. *State,* 110 Ark. 549. Certainty in an indictment is required when charging an offense, and on demurrer, which constitutes a direct attack upon its sufficiency, the demurrer should be sustained unless the language of the indictment charges an offense with reasonable certainty so as to put the accused on notice of the nature of the charge he is called upon to meet; but when the sufficiency of the indictment is called in question by motion in arrest of judgment the rule is different, and if it can be gathered from the language of the indictment that the essentials of the crime are charged either directly or by reasonable inference, then the motion should be overruled.

The first point made against the sufficiency of the indictment is that it does not charge that the false testimony of the suborned witness was given under oath. Our statute on the subject of subornation of perjury reads as follows:

"In every indictment for subornation of perjury, or for any corrupt bargain, contract or attempt to procure another to commit perjury, it shall be sufficient to set forth the substance of the offense, without setting forth the record, proceeding or process, or any commission or authority of the court or person before whom the perjury was committed, or the form of the oath or affirmation, or the manner of administering the same." Kirby's Digest, § 1973.

It will be observed that this statute eliminates the necessity of setting forth "the form of the oath or affirmation, or the manner of administering the same," but not the allegation that the oath was taken, and it is still necessary to charge in an indictment for subornation that the testimony was given under oath. We think, however. that under a liberal interpretation of the language used in the indictment, it is sufficient to constitute a charge that the testimony of the suborned witness was given under oath. It refers to the testimony as "wilful and corrupt perjury," and uses the words "said false and corrupt testimony." Testimony is, in a legal meaning, "to state or declare on oath or affirmation before a judicial tribunal or officer." We are of the opinion, therefore, that while it is essential for an indictment to charge that the testimony was given under oath, the language in this indictment is sufficient when tested on motion to arrest the judgment to constitute such an allegation.

Another objection is that the indictment fails to properly charge the falsity of the testimony given by the witness, but this point is ruled by the decision in *Loudermilk v. State, supra.*

The jurisdiction of the court in which the testimony was given was also sufficiently set forth in stating that the testimony was given in a certain criminal prosecution by the State in the circuit court of Columbia County. The evidence was sufficient to sustain the verdict and there is no assignment of error in the court's charge to the jury on other rulings during the progress of the trial.

Affirmed.