GEOATES *v.* STATE.

4331                                        177 S. W. 2d 919

Opinion delivered January 17, 1944.

*Rains & Rains,* for appellant.

*Guy E. Williams,* Attorney General, and *Oscar E. Ellis,* Assistant Attorney General, for appellee.

GRIFFIN SMITH, Chief Justice. From conflicting evidence the jury found that appellant had feloniously taken items of household furnishings belonging to Mrs. Viola Wells. This appeal comes from a prison sentence of a year and a day.

Since testimony on behalf of the State was substantial, and value of the property was proved, the Court did not err in refusing to set the verdict aside on appellant's protest that the burden had not been met.

It is argued that an instruction (relating to testimony that recently stolen property had been found in the defendant's possession) was comment upon the weight of evidence, in that the jury was told such evidence alone did not *imperatively* impose the duty of conviction.[1]

---

[1] The instruction, to which a general exception was made, is: "You are instructed that the possession of property recently stolen without reasonable explanation of that possession is evidence which goes to you for your consideration under all the circumstances in the case, to be weighed as tending to show the guilt of the one in whose hands such property is found, but such evidence alone does not imperatively impose upon you the duty of convicting even though it be not rebutted." [There were twelve other instructions.]

The motion for a new trial alleges that the Court erred "in giving to the jury instructions Nos. 1 to ......" This was only sufficient to identify the first instruction, which did not contain the matter complained of. Purpose of a motion for new trial is to affirmatively bring to attention of the trial Court the particular error objected to. There is nothing in the motion indicating that the Court's attention was directed to what is now alleged to have been a misuse of the word "imperative" to the defendant's prejudice. We do not review errors the Circuit Court was not asked to correct.

Finally, it is insisted the conviction is void because the information was not sworn to by the deputy prosecuting attorney who filed it. Defendant's general demurrer was overruled. It is now argued the purpose was to reach the faulty information.

The irregularity, if objectionable to the defendant, should have been tested by motion to quash. In that event the Prosecuting Attorney could have amended. Pope's Digest, § 3853. Matters that may be reached by demurrer to an indictment are set out in § 3892 of Pope's Digest. In the instant case there was conformity to Digest requirements, § 3834. In the absence of statutory mandates relating to an information, laws pertaining to indictments are applicable when •not inconsistent with the nature of the process.

It is contemplated that, before trial, the defendant shall present such objections as he cares to make where there is want of formality in bringing the accusation. *Whitted* v. *State,* 188 Ark. 11, 63 S. W. 2d 283. In the case just cited it was said that one accused cannot take the chance of being acquitted "and thereafter, being disappointed in this expectation, raise a question which the statute provides shall be raised upon the arraignment or upon the call of the indictment for trial."

Affirmed.