250 S.W.2d 131 (1952)
UNDERDOWM
v.
STATE.
No. 4692.
Supreme Court of Arkansas.
June 30, 1952.
Len Jones and Moore & Baker, Harrison, for appellant.
Ike Murry, Atty. Gen., Wm. M. Moorhead, Asst. Atty. Gen., for appellee.
MILLWEE, Justice.
The defendant was charged by information with the crime of rape. The jury found him guilty of assault with intent to rape and fixed his punishment at three years in the penitentiary.
The testimony on behalf of the State tended to show that the prosecuting witness attended a community Christmas program at Plumlee Schoolhouse with her parents and two younger sisters on the evening of December 23, 1951. When the prosecuting witness left the building with a girl companion, defendant persuaded her to enter a car parked nearby. The two were later joined by defendant's companion, Billy Joe Johnson, whose father owned the car. *132 Later Johnson drove with the defendant and the prosecuting witness to a secluded place off the highway a few miles from the schoolhouse. Johnson attempted to have intercourse with the prosecuting witness and being unable to overcome her resistance, enlisted the assistance of the defendant who held the prosecuting witness by the ankles while Johnson proceeded with the criminal assault. After penetration but before completion of the sexual act, Johnson desisted when the prosecuting witness severely bit his nose. When the prosecuting witness started to run away, the two young men agreed to take her back. They let her out a short distance from the school-house.
The torn and bloody clothing worn by the prosecuting witness on the night in question was introduced. Johnson virtually admitted the assault but he and the defendant denied that the latter rendered the assistance as related by the prosecuting witness. The jury chose to believe the prosecuting witness and it was not necessary that her testimony be corroborated. Palmer v. State, 213 Ark. 956, 214 S.W.2d 372. When the testimony is considered in the light most favorable to the State, it is sufficient to sustain the verdict and judgment. Warford & Clift v. State, 214 Ark. 423, 216 S.W.2d 781, 8 A.L.R.2d 996.
Defendant earnestly insists that the trial court erred in overruling a demurrer to the information. Although there is no demurrer in the transcript and nothing to indicate the ground upon which it was based, the judgment recites the overruling of a demurrer filed by the defendant. It is now argued that the allegations of the information are insufficient to constitute a public offense in that there is no allegation that the assault was committed forcibly and against the will of the prosecutrix. The information first charged the defendant with the crime of rape stating that, at the time and place in question, he did unlawfully and feloniously assist Billy Joe Johnson to have carnal knowledge of the prosecuting witness. The information further alleged; "The said assistance being that the said defendant did help the said Billy Joe Johnson to carry the said [prosecuting witness] to a secluded spot against her will and did hold the said [prosecuting witness'] legs apart and still while the said Billy Joe Johnson did have knowledge of the said [prosecuting witness] * * *."
The gist of the defendant's contention is that although the information charges that the prosecuting witness was taken to a secluded spot against her will and that defendant unlawfully and feloniously assisted another to have carnal knowledge of her, it does not allege that the assault was committed forcibly and against her will. In State v. Peyton, 93 Ark. 406, 125 S.W. 416, an indictment for rape, which charged that the defendant did "`feloniously and forcibly ravish and carnally know'" the prosecutrix, was held sufficient on demurrer although it omitted an express allegation that the act was committed "against the will" of the female. The court said: "Of course it must be alleged in an indictment for rape that the act was committed `against the will' of the female, for that is an essential element of the crime. But the facts constituting the crime need not be charged in the precise words of the statute. If words are used which convey the same meaning so as to charge all the essential elements of the crime, it is sufficient."
The court also referred to the case of Beard v. State, 79 Ark. 293, 95 S.W. 995, 97 S.W. 667, in which it was said that an allegation of an "unlawful assault" necessarily implied an allegation that the act was done against the will of the assaulted female. The language of an indictment or information should charge an offense with reasonable certainty so as to put the accused on notice of the nature of the charge he is called upon to meet. Davis v. State, 131 Ark. 542, 199 S.W. 902. Ark.Stats. § 43-1012 provides: "No indictment is insufficient, nor can the trial, judgment, or other proceeding thereon, be affected by any defect which does not tend to the prejudice of the substantial rights of the defendant on the merits."
In the early case of J. Johnson v. State, 36 Ark. 242, the indictment charged the *133 defendant with a felony without naming the particular offense and then proceeded to set out the acts done by him which constituted the offense. While the court said the use of the generic term felony was objectionable, it was held that the particular offense intended to be charged was made sufficiently certain by the statement of the facts and circumstances of its commission. See also, Brust v. State, 153 Ark. 348, 240 S.W. 1079; Gnrley v. State, 179 Ark. 1149, 20 S.W.2d 886. While it is true that the terms "carnal knowledge" and "against her will" may have been grammatically misplaced in the information under examination, the specific allegation that defendant held the prosecuting witness during the commission of the assault necessarily implies that the act was done against her will and while she was resisting the assault. The specific facts alleged made plain the nature of the offense with which the defendant was charged and he is not in position to claim that he was misled or otherwise impeded in making his defense. It follows that the overruling of the demurrer did not result in prejudicial error.
Defendant also argues that the trial court erred in refusing to grant a new trial because a void petit jury list was used in his trial. Insofar as the record discloses defendant made no objection to the list or to any juror during the trial and the issue is raised for the first time in the motion for new trial. Evidence presented at a hearing on the motion was to the following effect: In making their selection of jurors to serve at the January, 1952 term of court, the jury commissioners failed to certify to the lists as required by Ark.Stats. § 39-208. When the sealed lists were opened by the clerk prior to commencement of the January term, the omission of the certificate was discovered. In response to an order of the trial court, the three commissioners appeared in open court on January 2, 1952, which was several days prior to the convening of the January term. Each commissioner was examined under oath and stated that the lists opened by the clerk contained the identical itames of jurors previously selected by them, that they did not certify to the lists because the form furnished did not contain a certificate and they did not know that it was necessary that the lists be certified. Following the hearing the commissioners, under directions of the court, signed and certified to the lists as previously selected by them.
Ark.Stats. § 43-1911 provides that a challenge to the jury panel shall only be for substantial irregularity in selecting or summoning the jury or in drawing the panel by the clerk. The general rule is that irregularities affecting the selection or summoning of the jury panel may constitute ground for a new trial only if timely objection was made prior to the verdict and if resulting prejudice is shown. Hicks v. State, 143 Ark. 158, 220 S.W. 308: 23 C.J.S. Criminal Law, § 1438. Defendr.it's excuse for not making a more timely objection to the selection of the jury panel is that his counsel lived in another county and did not learn of the irregularity until after the trial.
Conceding, without deciding, that defendant did not waive his right to object to the alleged irregularity, still there is no showing that any prejudice has resulted to him from the action of the court in permitting the delayed certification. It is undisputed that the sealed lists filed with the clerk contained the identical names compiled by the commissioners. The record reflects no objection by the defendant to any juror appearing on the lists and there is no contention that an incompetent, disqualified, or partial juror was forced on the defendant. No substantial rights of the defendant appear tO! have been in any manner affected by the alleged irregularity. It is well settled by statute and our decisions that we do not reverse a judgment for harmless and non-prejudicial errors. Bowman v. State, 93 Ark. 168, 129 S.W. 80.
There are other assignments of error in the motion for new trial which are not argued by the defendant. We have carefully considered them and find no prejudicial error.
The judgment is affirmed.