RUTH ESTES v. STATE OF ARKANSAS

5-5417                                    442 S.W. 2d 221

Opinion Delivered June 2, 1969
[Rehearing denied July 14, 1969.]

1146

*Terral, Rawlings, Matthews & Purtle* for appellant.

*Joe Purcell*, Atty. Gen. and *Don Langston*, Ass't. Atty. Gen. for appellee.

LYLE BROWN, Justice. Custody of Ruth Estes' children had been awarded to their paternal grandparents and Mrs. Estes removed them to Puerto Rico without permission of the chancery court handling the custody matter. That action is prohibited by Ark. Stat. Ann. § 41-1121 (Repl. 1964). Mrs. Estes was convicted and sentenced to six months imprisonment. In appealing her conviction she alleges several diverse points of error which will be enumerated after a brief statement of facts.

To the union of Don Masner and Ruth Masner (now Estes) were born two children. In 1959 Don sued for divorce and custody of the children. He was granted a divorce but the court found the parents unsuitable to have custody of the children and placed them in the care of Mr. and Mrs. W. B. Masner, paternal grandparents. Those proceedings were in the Independence County Chancery Court. In August 1966, on motion of the mother, the court modified the 1959 custody provision to this effect:

> The defendant-petitioner, Ruth Masner Estes, is to be permitted to have the children . . . in her custody for a period of two weeks each summer period, the first period to commence August 15, 1966, and end August 29, 1966, the defendant-petitioner to pick up the children from Mr. and Mrs. Bernice Masner, paternal grandparents, who have hitherto been awarded custody of these children, at her own expense, and to return said children on said date at her own expense.

Pursuant to that order Mrs. Estes picked up the children. She first took them to Texas to visit relatives. A few days thereafter the mother and children flew from Dallas to San Juan, Puerto Rico, where the Esteses had resided since 1965. Mrs. Estes did not return the children on August 29 and the following day the present charge was filed against her.

The children have never been returned to Arkansas and Mrs. Estes testified she had no intention of returning them. She admitted taking the children out of this State. She defended that action on the grounds that (1) she thought all interested parties understood she so intended, and (2) that when she obtained the children she had no intention of keeping them beyond the two weeks allowed. She testified that she changed her mind thereafter when the children expressed a desire not to return.

One other pertinent fact should be noted because it has a bearing on one of the points in issue. Subsequent to her conviction by jury trial, the court granted a motion to set aside the verdict. At that time a stipulation between counsel for both sides was presented to the court and approved. It was agreed that the trial judge would retry the case without a jury and on the basis of the record made at the first trial. That stipulation had the effect of eliminating from the court's consideration the jury verdict and the instructions.

POINT I. *It was error to refuse to allow appellant to take the depositions of out-of-state witnesses.* A motion to take depositions of five witnesses who resided in Puerto Rico was filed in October 1967. That motion was not presented to the court until after the parties announced ready for trial. The presentation of such a motion at a stage in the proceedings when a continuance would result from the granting of the motion was disapproved in *Criner v. State,* 236 Ark. 220, 365 S.W. 2d 252 (1963).

POINT II. *The court erred in refusing to quash the information, the warrant, and in overruling the demurrer to the information.* It is first pointed out that the warrant was never served on appellant. That fact becomes immaterial because appellant admittedly returned from Puerto Rico to Independence County to contest the charges. A complete answer to the assertion is that the "Motion to Quash Bench Warrant" was not filed until after appellant announced ready for trial. Secondly, it is asserted that the Information does not state facts sufficient to allege a crime. The language of the Information is certain as to the title of the prosecution, the name of the court, the county in which the alleged offense was committed, and the name of the defendant. Those are the requirements of the contents of an Indictment or Information. Ark. Stat. Ann. §§ 43-1006, 43-1008 (Repl. 1964); See *Geoates v. State,* 206 Ark. 654, 177 S.W. 2d 919 (1944). The acts constitut-

ing the offense need not be stated unless the offense cannot be otherwise charged. When it is necessary that a defendant acquire additional facts in order to properly defend, he can request a bill of particulars and the State is required to respond.

POINT III. *Appellant was arrested during the course of the trial and served with a warrant for civil contempt issued out of another court, all to her prejudice.* A contempt citation had been issued out of the chancery court for failure to return the children as required by court order. Mrs. Estes testified that she was served with that process during the noon recess of the criminal trial. The record is void of any showing of prejudice. Additionally, the allegation is not set forth in the motion for new trial.

POINT IV. *Improper evidence was admitted and proper evidence was excluded.*

(a) *Improper evidence.* The petition for modification of the divorce decree, heretofore discussed, was introduced by the State over appellant's general objection. The petition recited excerpts from the original decree which related that neither parent was a proper party to have custody of the children. Appellant argues here that it was error for the jury to be informed that she had been adjudged an improper person to have custody of her children. That same information was contained in the 1959 decree, a copy of which was introduced without objection. Furthermore, the petition for modification was generally admissible because it explained the modified decree which resulted from the filing of the petition. A specific objection was therefore required if appellant desired a deletion. *Amos* v. *State,* 209 Ark. 55, 189 S.W. 2d 611 (1945).

(b) *Exclusion of proper evidence.* In September 1966, the father and the grandfather of the children went to Puerto Rico in an effort to retrieve the children. They

were restrained from removing the children by an order issued by the Superior Court of San Juan. The father and the grandfather left and abandoned any effort to resist the mother's petition in that court. In the case before us the appellant offered a transcript of the proceedings in San Juan and the trial court sustained the State's objection. The trial court was correct because those proceedings, occurring some time after the alleged offense for which Mrs. Estes was being tried, were immaterial. If Mrs. Estes illegally removed the children from Arkansas in August, a subsequent court procedure in a foreign jurisdiction could have no bearing on her defense.

POINT V. *The defendant was entitled to a directed verdict.* Appellant argues that "everyone knew she was taking the children out of Arkansas before she picked them up." She further states that at the time she obtained the children she intended to return them within the two-weeks period; and that a subsequent decision on her part not to return them would not bring her within the Act. The provisions of § 41-1121, insofar as they pertain to this case, are unambiguous. The stattute prohibits the taking of a child, by permission or otherwise, from the person having legal custody of the ward by virtue of a decree of any chancery court, and removing the child beyond our State without first obtaining the permission of the court which fixed the custody. It cannot even be properly inferred that the court which fixed the custody and subsequently awarded the two-weeks visitation period had any knowledge of Mrs. Estes' intent to remove the children beyond jurisdictional limits. Additionally, the grandmother who released the children to Mrs. Estes, testified that she was led to believe Mrs. Estes had been authorized by the court to take the children out of the State, which of course was not true.

POINT VI. *It was error to deny appellant's requested instructions.* Appellant overlooks the fact that

the jury verdict was set aside and she was convicted by the court sitting as a jury. Consequently the instructions were of no import.

Affirmed.