STATE OF NORTH CAROLINA v. CLIFTON RAY JONES

No. 7226SC82

(Filed 24 May 1972)

1. Criminal Law § 86— accomplice's testimony — confessions

There is no merit in defendant's contention that the testimony of his accomplice was inadmissible on the ground that it amounted to a confession which was induced by an expectation of leniency.

2. Criminal Law § 86— accomplice's testimony

An accomplice is a competent witness, and the fact that an accomplice hopes for or expects mitigation of his own punishment does not disqualify him from testifying.

3. Criminal Law § 88— explanation of testimony — threats to State's witness

Where a police officer testified on cross-examination that defendant's accomplice, who was a witness for the State, had been allowed to meet his girl friend at the Law Enforcement Center, the trial court did not err in allowing the witness to explain that this was necessary because the accomplice had been placed in isolation for his own protection after threats had been made against him.

4. Criminal Law § 86— indictments for other crimes — cross-examination

The rule that a defendant may no longer be cross-examined as to whether he has been indicted for a criminal offense other than that for which he is on trial does not apply to trials which occurred prior to 15 December 1971, the date of the decision of *State v. Williams,* 279 N.C. 663.

APPEAL by defendant from *McLean, Judge,* at the 17 June 1971, Schedule A, Criminal Session of MECKLENBURG Superior Court.

Defendant was charged in a two-count bill of indictment with felonious larceny and felonious breaking and entering. Defendant entered a plea of not guilty to each charge.

At the trial the State called as a witness one Robert M. Suggs, an alleged accomplice of defendant. Suggs testified that defendant had participated, with him, in the offenses charged in the indictment. The State also called as a witness a police officer, Larry Ledbetter, who testified that he had had various conversations with Suggs and that as a result of the conversations a cash box taken in the break-in was found. On cross-examination Officer Ledbetter testified that he had allowed Suggs, who was in jail, to meet his girl friend at the Law Enforcement Center. He testified that the reason for this

was that threats had been made against Suggs and as a result he had been placed in isolation. Defendant objected to the testimony of Suggs and to Ledbetter's testimony as to threats against Suggs and his transfer to isolation.

The defendant testified on his own behalf. On cross-examination he was asked what other charges he had been indicted for and had pending. Defendant objected to the question but the objection was overruled. Defendant answered that he was under indictment on another charge of breaking and entering.

The jury returned a verdict of guilty as charged and judgment was entered on the verdict. A prison sentence was imposed.

From the verdict and judgment, the defendant appeals.

*Attorney General Robert Morgan by Associate Attorney Walter E. Ricks III for the State.*

*Thomas E. Cummings for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant first contends that it was error for the trial court to allow the witness, Robert M. Suggs, to testify. Defendant argues that the testimony amounted to the confession of another party which was induced by expectation of leniency and that the testimony was therefore inadmissible. This argument is without merit.

A confession is defined as an acknowledgment by the *accused* in a criminal action of his guilt of the *crime charged.* 23 C.J.S., Criminal Law, § 816 (emphasis added). The testimony of Suggs does not fall within this definition. He is not the accused in this action nor is he charged with any crime in this action. He is merely a witness and the fact that his testimony implicates him does not make it a confession within the above-stated rule.

[2] It is well settled that an accomplice is a competent witness. The fact that an accomplice hopes for or expects mitigation of his own punishment does not disqualify him from testifying. 23 C.J.S., Criminal Law, § 805. Any objection to the manner in which this testimony was procured was available only to the witness and not to the defendant. *State v. Lippard,*

223 N.C. 167, 25 S.E. 2d 594 (1943), *cert. denied,* 320 U.S. 749. The trial court properly instructed the jury in considering the testimony of accomplice Suggs. There was no error in allowing the witness Suggs to testify.

[3]  The defendant next assigns as error the admission of testimony of a police officer that threats had been made against the witness Suggs. The testimony was brought out on cross-examination in response to questions about Suggs being allowed to see his girl friend at the Law Enforcement Center. The officer testified that this had been done and explained further that it was necessary because Suggs had been placed in isolation for his own protection after threats had been made against him. This assignment of error is without merit.

The defendant inquired repeatedly as to privileges granted Suggs while he was in jail. The police officer was merely explaining the reasons for any such privileges. ". . . As a general rule a witness should be permitted to explain facts in evidence from which a wrong inference or conclusion is likely to be drawn without an explanation, . . ." 98 C.J.S., Witnesses, § 318(b), p. 17. See also 58 Am. Jur., Witnesses, § 670. There was no error in allowing the witness to explain his answer in this case.

[4]  The defendant's final assignment of error is to questions by the Solicitor as to any other indictments against the defendant.

The defendant relies on the case of *State v. Williams,* 279 N.C. 663, 185 S.E. 2d 174 (1971), in which the Supreme Court of North Carolina overruled a long line of precedent and held that a defendant could no longer be impeached by questions as to indictments he might be under other than the one on which he was being tried. Under the rule in *Williams, supra,* the questions propounded by the Solicitor to the defendant would not be proper today.

The judgments in this case were entered on 18 June 1971. The *Williams* decision was handed down on 15 December 1971. The Supreme Court has since indicated that the rule in *Williams* applies only to trials which occurred after the decision in *Williams. State v. Gainey,* 280 N.C. 366, 185 S.E. 2d 874 (1972). In *Gainey* a conviction was upheld where the Solicitor had asked defendant about a previous arrest.

Pressley v. Casualty Co.

"The trial of this case occurred before the decision in *Williams*. Although no longer permissible, the solicitor's questions with reference to defendant's arrest were then competent. . . ." *State v. Gainey, supra.*

The trial of this case occurred before the *Williams* decision and the questions of the Solicitor were therefore competent.

In the trial below we find no error.

Affirmed.

Judges BRITT and GRAHAM concur.