STATE OF NORTH CAROLINA v. TOMMY DALE CLOER

No. 7422SC450

(Filed 5 June 1974)

1. **Witnesses § 1— competency of witness**
   The trial court in an armed robbery case did not abuse its discretion in allowing an accomplice to testify although defendant contended his testimony should not have been admitted because he had been drinking before the robbery and because he had been in mental institutions on several occasions.

2. **Criminal Law § 89— corroboration — prior consistent statements**
   It was proper to corroborate the testimony of a witness with evidence that he had, prior to trial, made statements consistent with his testimony at trial.

APPEAL by defendant from *Wood, Judge,* 7 January 1974 Session of Superior Court held in IREDELL County.

Defendant was tried for armed robbery. Evidence for the State tended to show the following. Sometime after 11:00 p.m. on 28 August 1973, defendant went to James Hooper's apartment and told him he needed money and told Hooper that he wanted his help in robbing a Spur service station. Shortly before 11:45 p.m., the pair proceeded down Mulberry Street towards the station which was located at the corner of Front and Mulberry Streets in Statesville. A hedge separated the Spur Station from the adjoining property. They stopped at the hedge, and defendant told Hooper, "you go in first, I'll come in behind you in about 30 seconds." Defendant stayed at the hedge, and Hooper went to the front of the station and took money from an attendant by the threatened use of a pistol. Hooper called for defendant but there was no reply. Hooper directed the attendant to the hedge and again called for defendant. Hooper made the attendant lie down behind the hedge and returned to the front of the station. Someone had reported the robbery while it was in progress, and Hooper was seized when he returned to the front of the station. The police took a switchblade knife and a .22 Caliber pistol from Hooper. A resident of the neighborhood also saw defendant in the area. As a police car approached, defendant ran down the street and disappeared behind some bushes. He was formally charged with the robbery in a warrant issued on 30 August 1973.

The jury returned a verdict of guilty of armed robbery, and a prison sentence of from ten to fifteen years was imposed.

Maxwell v. Perry

*Attorney General Robert Morgan by Jerry J. Rutledge, Associate Attorney General, for the State.*

*Jay F. Frank for defendant appellant.*

VAUGHN, Judge.

[1, 2] The coparticipant in the robbery, Hooper, testified for the State. He had previously given the officers a statement of the details of the planning and execution of the robbery. Defendant contends Hooper's testimony should not have been admitted because Hooper had been drinking before the robbery and because he had been in mental institutions on several occasions. There was no abuse of discretion by the trial judge when he allowed the witness to testify. It was also entirely proper to corroborate the testimony of the witness with evidence that he had, prior to trial, made statements consistent with his testimony at trial. Defendant's objections to the introduction of the pistol and knife which the State contended were used in the robbery were also properly overruled.

The case was one for the jury. The State's evidence was sufficient to permit the jury to find that defendant procured Hooper to help with the robbery, accompanied him to the scene of the offense and remained close enough to be of assistance and encourage the commission of the robbery.

Defendant's court appointed counsel has brought forward other assignments of error which we have considered. We find no prejudicial error.

No error.

Judges PARKER and CARSON concur.