Jerry HILL *v.* STATE of Arkansas

CR 77-42                                            551 S.W. 2d 200

Opinion delivered May 31, 1977
(Division II)

*Givens & Buzbee,* by: *Art Givens,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Joseph H. Purvis,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. The trial court sitting as a jury found the appellant Jerry Hill guilty of burglary and theft. For reversal appellant raises the issues hereinafter discussed.

POINT I. Appellant contends that the evidence does not support either burglary or theft in that he did not enter the premises which were "likely to contain persons" for the purpose of committing therein an offense punishable by imprisonment.

Burglary is defined, Ark. Stat. Ann. § 41-2002 (Ark.

Crim. Code 1976), as follows:

> "A person commits burglary if he enters or remains unlawfully in an occupiable structure of another person with the purpose of committing therein an offense punishable by imprisonment."

The crime of theft which is punishable by imprisonment is defined, Ark. Stat. Ann. § 41-2203 (Ark. Crim. Code 1976), as follows:

> "A person commits theft of property if he: (a) knowingly takes or exercises unauthorized control over . . . property of another person, with the purpose of depriving the owner thereof; or. . . ."

The term "enter or remain unlawfully" as used in the burglary statute is defined, Ark. Stat. Ann. § 41-2001(3) (Ark. Crim. Code 1976), as follows:

> "(3) 'Enter or remain unlawfully' means to enter or remain in or upon premises when not licensed or privileged to do so . . . ."

An "occupiable structure" is defined, Ark. Sat. Ann. § 41-2001(1) (Ark. Crim. Code 1976), as follows:

> "(1) 'Occupiable structure' means a vehicle, building, or other structure;
> (a) where any person lives or carries on a business or other calling; . . . ."

The record shows that Rodney and Lloyd Bise own and operate Bise Auto Sales and Bise Body Shop on Highway #79 in Stuttgart, Arkansas. Appellant was regularly employed as a policeman for the City of Stuttgart. He was also a part-time employee of Bise Body Shop. The building housing the body shop was broken into on April 16, 1976. That incident was investigated by Rodney Bise and appellant at approximately 1:15 a.m. Later that morning about 3:00 a.m. appellant returned and removed from the building some money that Lloyd Bise kept in a box in the bathroom. When Lloyd ascer-

tained that the money was missing he called appellant who told him that he knew nothing about the money. A few days later appellant returned the money claiming that he only took the money for safe keeping and as a prank or joke on his friend Lloyd Bise.

Under the evidence there is no question but that appellant entered a business building at 3:00 a.m. when it was not open for business. We therefore conclude that there is substantial evidence to support the trial court's conclusion that he unlawfully entered a building when not licensed to do so.

Perhaps a closer factual issue exists as to the purpose for which appellant took the money. However, when we consider the conversations between appellant and Lloyd Bise as to who the likely suspects were and whether finger prints could be lifted together with the circumstances under thich the money was returned, we cannot say that there was no substantial evidence to support the trial court's finding that a theft occurred when appellant took the money.

POINT II. Appellant also contends that the judgment is void because of the clerical error in showing that the offense was committed on April 26th when all the proof showed that it was committed on April 16th. While appellant is correct about the date, he does not demonstrate how he has been prejudiced by the erroneous date inserted in the judgment. We do not reverse a judgment for harmless or non-prejudicial irregularities, *Underdown* v. *State,* 220 Ark. 834, 250 S.W. 2d 131 (1952). We consider the matter of the erroneous date to be both harmless and non-prejudicial.

Affirmed.

We agree: HARRIS, C.J., and FOGLEMAN and HICKMAN, JJ.