STATE OF NORTH CAROLINA v. MARLON LEE EDWARDS

No. 7729SC1055

(Filed 20 June 1978)

1. Criminal Law § 86.8— competency of witness—promise of aid by officer—use of drugs

  An accomplice was not incompetent to testify against defendant because a police officer had promised to do whatever he could to help the accomplice in return for his testimony implicating defendant, since promises of assistance may affect the credibility of the witness but do not render the witness incompetent; nor was the witness incompetent to testify because he had used drugs on the day of the crimes where there was no evidence that he was under the influence of drugs at the time of testifying or that he was unable to see or remember the events to which he testified.

2. Criminal Law § 117.4— credibility of witness—drug use—failure to instruct

  The trial court did not err in failing to recapitulate evidence that a State's witness had consumed drugs on the day of the events to which he testified or to instruct the jury to scrutinize the witness's testimony because of his drug use, since evidence relating to the credibility of a witness is a subordinate feature of the case, and defendant made no request for instructions regarding the credibility of the witness.

APPEAL by defendant from *Baley, Judge.* Judgments entered 12 August 1977 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 25 April 1978.

Defendant pled not guilty to charges of felonious breaking and entering and armed robbery. The State presented evidence to show that Dean Burgess, owner of a store in Spindale, returned to his locked store building about 10:30 p.m. in response to notification from the police that the alarm system in the store had

gone off. On entering the darkened building, he heard someone say, "Don't move, I'll kill you." The person had a pistol and forced Burgess to lie on the floor, whereupon the person took Burgess's wallet containing $1200 in currency. The person then shot at Burgess before leaving the store, but the shot missed. After the intruder left, Burgess discovered that a gun rack was missing from his store and that entry to the building had been effected through a hole which had been broken in the building's cement block rear wall. Other testimony showed that the crimes were committed by defendant along with two accomplices.

Defendant presented evidence of an alibi.

The jury found defendant guilty of both offenses. Defendant appealed from judgments imposing prison sentences.

*Attorney General Edmisten by Assistant Attorney General Charles J. Murray for the State.*

*J. Nat Hamrick for defendant appellant.*

PARKER, Judge.

All of the questions raised on this appeal relate to the testimony of Rodney Wiggins, an admitted accomplice. Wiggins was the principal witness who identified defendant as a perpetrator of the crimes. There was testimony that a police officer promised to do whatever he could to help Wiggins in return for Wiggins's testimony implicating defendant. The crimes occurred on the night of 31 January 1977, and Wiggins testified that he had taken drugs earlier that day. At approximately 6:00 a.m. that morning, he injected fifteen milligrams of Dilaudid into his arm. At 6:00 p.m. that evening, he injected another five milligrams of Dilaudid.

[1] By his first assignment of error, defendant contends that the court erred in denying his motion to strike the testimony of Wiggins. He argues that the testimony was incompetent because of the promises of assistance and because Wiggins was under the influence of drugs when the criminal acts occurred. We find no error. "The fact that an accomplice hopes for or expects mitigation of his own punishment does not disqualify him from testifying." *State v. Jones*, 14 N.C. App. 558, 559, 188 S.E. 2d 676, 677 (1972). Promises of assistance may affect the credibility of the

witness; they do not render the witness incompetent. *See State v. Johnson*, 220 N.C. 252, 17 S.E. 2d 7 (1941).

Similarly, drug use does not per se render a witness incompetent to testify. Generally, evidence that the witness was using drugs, either when testifying or when the events to which he testified occurred, is properly admitted only for purposes of impeachment and only to the extent that such drug use may affect the ability of the witness to accurately observe or describe details of the events which he has seen. Annot., 65 A.L.R. 3d 705 (1975). In the present case, there was no evidence that Wiggins was under the influence of drugs at the time of testifying nor was there any showing that Wiggins was unable to see or remember the events to which he testified. Thus, the trial judge did not abuse his discretion in ruling that Wiggins was competent to testify. *See State v. Cloer*, 22 N.C. App. 57, 205 S.E. 2d 320 (1974); *State v. Fuller*, 2 N.C. App. 204, 162 S.E. 2d 517 (1968). Defendant's first assignment of error is overruled.

Defendant next assigns error to the judge's denial of his motions for nonsuit. In support of this assignment he again seeks to challenge the testimony of Wiggins on the grounds already noted. However, "[i]n considering a trial court's denial of a motion for judgment of nonsuit, the evidence for the State, considered in the light most favorable to it, is deemed to be true . . . ." *State v. Price*, 280 N.C. 154, 157, 184 S.E. 2d 866, 868 (1971). The credibility of that evidence was for the jury to determine and may not be challenged on a motion for nonsuit. This assignment of error is also overruled.

[2] In charging the jury, the trial judge did not mention in his recapitulation of the evidence that Rodney Wiggins had consumed drugs on the day of the events to which he testified, and neither did he instruct the jury to scrutinize Wiggins's testimony because of his drug use. Defendant contends that the judge erred in failing to give these instructions to the jury. However, the judge is not required to recapitulate all the evidence in his instructions to the jury. G.S. 1-180 requires the judge to state the evidence only "to the extent necessary to explain the application of the law thereto." "A party desiring further elaboration on a subordinate feature of the case must aptly tender request for further instructions." *State v. Guffey*, 265 N.C. 331, 332, 144 S.E. 2d 14, 16 (1965).

Evidence relating to the credibility of a witness is a subordinate, rather than a substantive, feature of the case. 4 Strong's N.C. Index 3d, Criminal Law, § 113.3. Defendant made no request for instructions regarding the credibility of Wiggins's testimony. Thus, the judge's failure to give the instructions was not error.

In defendant's trial and in the judgments entered we find

No error.

Judges VAUGHN and WEBB concur.