Kathy WORKMAN *v.* STATE of Arkansas

CR 79-153 589 S.W. 2d 21

Opinion delivered November 12, 1979

104

 █ 

*Marcia McIvor,* Northwest Arkansas Legal Services, Inc., for appellant.

*Steve Clark,* Atty. Gen., by: *Nelwyn Leone Davis,* Asst. Atty. Gen., for appellee.

FRANK HOLT, Justice. Appellant was charged and convicted of hindering the apprehension or prosecution of James Pace for aggravated robbery. Ark. Stat. Ann. § 41-2805 (Repl. 1977). She was sentenced to three years' imprisonment under the Youthful First Time Offender Act.

Appellant first contends, through appointed counsel, that the lower court erred in allowing the state to amend the information during the course of the trial. The amendment changed the notation on the information from a Class D felony to a Class B felony. Appellant argues that this is prohibited by Ark. Stat. Ann. § 43-1024 (Repl. 1977), which provides in pertinent part:

> The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime charged or the degree of the crime charged.

The appellant asserts that the permitted amendment increased the degree of the crime charged in that a more severe sentence could be imposed for a Class B felony. The appellee, however, correctly responds that the statute under which the appellant was charged specifically provides that

when the crime from which the hindering charge arose is a Class A felony, as here, the offense is a Class B felony. Ark. Stat. Ann. § 41-2805(2) (Repl. 1977).

It is well settled that the information may be amended during the trial as long as the nature or degree of the crime charged is not changed. *Owen* v. *State,* 263 Ark. 493, 565 S.W. 2d 607 (1978). Here in the language of the statute, the appellant was charged before and after the amendment with hindering the apprehension or prosecution of James Pace for aggravated robbery. Clearly, she was sufficiently apprised of the specific crime with which she was charged to the extent necessary to enable her to prepare her defense, that being all that is required. *Lee* v. *State,* 229 Ark. 354, 315 S.W. 2d 916 (1958); and *Underdown* v. *State,* 220 Ark. 834, 250 S.W. 2d 131 (1952). The statutes here do not require that the penalty of the alleged offense be included in the information. Ark. Stat. Ann. §§ 43-1006, 43-1007, and 43-1008 (Repl. 1977). See also *Estes* v. *State,* 246 Ark. 1145, 442 S.W. 2d 221 (1969). We hold that the degree of the alleged crime was not changed by the amendment. Further, the appellant's attorney candidly admitted that there were negotiations with the state's attorney, and at the time of the amendment he was not surprised that the crime charged in the information was in fact a Class B felony.

Appellant's second ground for reversal is that the court erred in admitting into evidence certain of her statements. She contends that the statements were confessions and that she was entitled to a Denno hearing for a determination of their voluntariness pursuant to Ark. Stat. Ann. § 43-2105 (Repl. 1977). The statements in question were made at the sheriff's office at 12:45 a.m. several hours following the robbery. When she and the accused were initially questioned at their apartment concerning the incident, she was not placed under arrest nor taken into police custody. She voluntarily drove her car to the sheriff's office where the accused had been transported by the police. At this point, she was not suspected of any criminal offense. She was questioned only as a witness to "back up" some of the accused's statements concerning his activities during the past several hours. Appellant was not in police custody nor was the investigation focused upon her.

The statements did not constitute a confession. A confession is an admission of guilt as to the commission of a criminal act. *State* v. *Jones,* 188 S.E. 2d 676, 14 N.C. App. 558 (1972); *O'Neal* v. *State,* 468 P. 2d 59 (Okla. Cr. 1970); *Gladden* v. *Unsworth,* 396 F. 2d 373 (9th Cir. 1968); *Norrell* v. *State,* 157 S.W. 2d 784, 116 Ga. App. 479 (1967); and 29 Am. Jur. 2d Evidence, § 523; 23 C.J.S. Criminal Law § 826. Here appellant's statements to the police were, in the words of our statute, a mere continuation of her effort to "conceal[s], alter[s], destroy[s], or otherwise supress[es] the discovery . . . of any fact, information or other thing related to the crime which might aid in the discovery, apprehension, or identification of the person;" and to "volunteer[s] false information to a law enforcement officer." § 41-2805(d)(f). The deliberate act of making false statements to the police concerning Pace's activities the night of the robbery is the essence of the alleged criminal offense and not a confession. An in camera hearing to determine the voluntariness of the statements was therefore not required.

Appellant's last ground for reversal is that there was insufficient evidence to sustain her conviction. She first argues that the state failed to establish that she was aware that Pace had committed aggravated robbery. The thrust of her argument is that the statute requires that her conscious purpose must have been to "hinder the apprehension or prosecution of one whose conduct constituted" aggravated robbery. § 41-2805 provides in pertinent part:

(1) a person commits an offense under this section if, with purpose to hinder the apprehension, prosecution, conviction or punishment of another for an offense . . .

Although former law (Ark. Stat. Ann. § 41-120 [Repl. 1963]) required that the hinderer have "full knowledge" of the crime committed, the new Code "speaks in terms of the actor's *purpose* rather than the certainty of his knowledge respecting the consummated crime." (Italics supplied.) Commentary, Ark. Stat. Ann. § 41-2805 (Repl. 1977). The statute requires only that the hinderer purposely aid one sought for "an offense."

At trial, Pace, who had been convicted of aggravated robbery, testified that prior to his departure from their apartment, he and the appellant "had a conversation concerning my intent to rob the Pizza Hut." The appellant warned him to "be careful", watched him cut eye holes in a ski mask, and was aware of his earlier intent to borrow a gun. Moreover, upon his return to the apartment after the robbery at gun point, he told the appellant that he had robbed the Pizza Hut and threw $400 on the bed. There is certainly substantial evidence that appellant had reason to believe that Pace had committed "an offense."

Appellant also contends that the state failed to establish that her purpose was to hinder the apprehension of the accused. When the police arrived at their apartment, appellant went into the bathroom to advise Pace that the police wanted to question him. According to Pace, she informed him that she had advised the police that he had been at the apartment "all evening." He so told the officers. At the trial Pace testified that the appellant had given false information to the police. This evidence, together with that previously recited, is amply substantial that the appellant purposely hindered the apprehension or prosecution of a person.

Affirmed.

HARRIS, C.J., not participating.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. Aside from the fact that I feel the evidence was insufficient to support a conviction in this case, I disagree with the majority in allowing the prosecuting attorney to amend the indictment which charged a Class D felony to one charging a Class B felony. Ark. Stat. Ann. § 43-1024 (Repl. 1977) provides:

The prosecuting attorney or other attorney representing the State, with leave of the court, may amend an indictment, as to matters of form, or may file a bill of particulars. But no indictment shall be amended, nor bill of particulars filed, so as to change the nature of the crime

charged or the degree of the crime charged.

As I read the above statute, the prosecuting attorney is prohibited from changing the indictment to charge a greater crime than is contained in the indictment. There can be no dispute that a Class B felony is a greater crime than a Class D felony. Therefore, the elevation of the degree of the crime was obviously changed during the course of the trial. Nothing in the statute grants authority to amend the indictment "if the defendant is not surprised." The state argues appellant knew they meant to charge a Class B felony sometime prior to actual change. It is equally true the state possessed this same knowledge. I can see no reason to excuse the state from correcting its known mistake at the expense of the appellant.

The information is couched in the terms of Ark. Stat. Ann. § 41-2805 (Repl. 1977). However, the statute is not set out in any place on the information. This same statute has penalties ranging from Class B felony down to Class D felony and even a misdemeanor. Certainly the degree of the offense charged is within the framework of the statute. I agree with the majority the nature of the offense was not changed but I cannot agree that the degree of the offense was not changed in view of the plain words set out in the statute. Had the indictment stated that James Pace had been convicted of a Class A felony, I think the majority view would be more in line. There is no evidence in the record to indicate appellant knew Pace committed aggravated robbery as distinguished from robbery. Robbery is a Class B felony. Ark. Stat. Ann. § 41-2103 (Repl. 1977). Had Pace been convicted of robbery, then if appellant were guilty of hindering his apprehension or prosecution she could not have been guilty of more than a Class C felony.

I simply cannot justify ignoring the statute which prohibits an amendment, increasing the degree of the offense, from being added to an information during the trial. There is no other way I can read this statute without adding to it as I think the majority have done. Therefore, I would reverse and remand or reduce to a lower classification.