IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-685

Filed: 5 May 2020

Onslow County, No. 17CRS056939

STATE OF NORTH CAROLINA

v.

BRADLEY W. BURGESS

Appeal by defendant from judgment entered on or about 13 February 2019 by Judge Charles H. Henry in Superior Court, Onslow County. Heard in the Court of Appeals 4 February 2020.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Thomas J. Campbell, for the State.*

*James R. Parish for defendant-appellant.*

STROUD, Judge.

Defendant appeals a judgment convicting him of three drug-related charges. Although the witness who participated in a controlled buy was impaired by controlled substances during his testimony, the trial court conducted a proper investigation of his impairment, informed counsel, and gave counsel full opportunity to request remedial actions. The trial court did not abuse its discretion in determining a mistrial was not necessary to ensure a fair trial for defendant and that the witness was competent to testify, despite his impairment, where the witness was capable of

expressing himself concerning the matter at issue and other evidence corroborated the veracity of his statements. We conclude there was no error.

## I.    Background

The State's evidence tended to show that on 18 April 2017, the Onslow County Sheriff's Department set up a controlled buy between Mr. Asay and defendant in which defendant ultimately sold Mr. Asay a controlled substance, methamphetamine. Defendant was tried by a jury. During the State's case in chief, Detective Michael Noel testified as to the controlled buy. The actual controlled buy took place in a vehicle and Detective Noel testified to the circumstances of the buy, including searching Mr. Asay before he went to the vehicle for the buy and giving him money with which to purchase drugs. Detective Noel further testified he never lost sight of Mr. Asay, and when he returned from defendant he had controlled substances with him though he did not have them when he walked over to the vehicle.

Mr. Asay also testified about the drug purchase from defendant, but after Mr. Asay had given his testimony, the trial court raised a concern that he appeared to be under the influence of a controlled substance or alcohol. On the trial court's order, Mr. Asay was drug-tested by his probation officer and was positive for use of amphetamines and methamphetamine. Defendant moved for a mistrial and thereafter to disqualify Mr. Asay as a witness under Rule of Evidence 601(b) and

strike his testimony because he was an incompetent witness, but the trial court denied both motions.

The jury ultimately convicted defendant of delivering methamphetamine; possession of drug paraphernalia; and possession with intent to sell and deliver methamphetamine. The trial court entered judgment. Defendant appeals.

## II. Mr. Asay's Testimony

Defendant makes two arguments on appeal. Both arguments are based upon Mr. Asay's competency to testify while impaired.

### A. Rule of Evidence 601(b)

Defendant argues the trial court should have allowed his motion to exclude and strike Mr. Asay's testimony based on Rule of Evidence 601(b) because Mr. Asay was an incompetent witness, and thus he could not receive a fair trial. "The competency of a witness is a matter which rests in the sound discretion of the trial judge. Absent a showing that the ruling as to competency could not have been the result of a reasoned decision, the ruling must stand on appeal." *State v. Ford*, 136 N.C. App. 634, 639, 525 S.E.2d 218, 221-22 (2000) (citations and quotation marks omitted).

The competency of a witness to testify is governed by North Carolina General Statute § 8C-1, Rule 601, which provides in pertinent part:

> (a) General rule.--Every person is competent to be a witness except as otherwise provided in these rules.

- 3 -

> (b)      Disqualification of witness in general.--A person is disqualified to testify as a witness when the court determines that the person is (1) incapable of expressing himself or herself concerning the matter as to be understood, either directly or through interpretation by one who can understand him or her, or (2) incapable of understanding the duty of a witness to tell the truth.

N.C. Gen. Stat. § 8C-1, Rule 601 (2019).

This Court has previously noted that drug use alone will not make a witness incompetent to testify. *See State v. Edwards*, 37 N.C. App. 47, 49, 245 S.E.2d 527, 528 (1978). If the witness is able to express himself well enough to be understood and and is able to understand the obligation to testify truthfully, impairment by drugs does not render him incompetent, although he may be impeached with evidence of his impairment:

> [D]rug use does not per se render a witness incompetent to testify. Generally, evidence that the witness was using drugs, either when testifying or when the events to which he testified occurred, is properly admitted only for purposes of impeachment and only to the extent that such drug use may affect the ability of the witness to accurately observe or describe details of the events which he has seen.

*Id.* Here, defendant has not demonstrated that Mr. Asay was incapable of expressing himself or incapable of understanding his duties to tell the truth. *See* N.C. Gen. Stat. § 8C-1, Rule 601(b). In addition, the other evidence, including the testimony of Detective Noel and a videotape, entirely corroborated Mr. Asay's testimony against defendant. Although Mr. Asay's testimony with other evidence does not directly show

Mr. Asay's competence as a witness, it does indicate that he was able to recall dates and events in a manner consistent with the other evidence.

Defendant further argues it was error for the trial court not to conduct a *voir dire* of Mr. Asay to assess his competency to testify. However, defendant had the opportunity to request a *voir dire* and did not. After Mr. Asay began his testimony, the trial court *sua sponte* raised its concern regarding his potential impairment, had him tested, and brought his impairment to the attention of the parties. Out of the presence of the jury, the trial court discussed the matter with counsel and sought their suggestions in how to proceed. The State noted it would call Mr. Asay's probation officer to testify regarding the drug testing so this information would be in evidence. The trial court also noted that the State should not question the probation officer regarding who initiated the drug testing because "maybe the jury may consider that as my questioning credibility[,]" but the trial court did allow defendant's counsel to question the probation officer on this subject in front of the jury. Thus, defendant's counsel elicited the probation officer's testimony that the trial judge had called for the testing of Mr. Asay. Defendant's counsel did not object to the measures the trial court discussed with counsel to address Mr. Asay's impairment, and again, did not request *voir dire* of Mr. Asay. Instead, defendant opted to move for mistrial and for disqualification of Mr. Asay as a witness.

When defendant made his motions, the trial court already had ample opportunity to observe Mr. Asay during his testimony, and those observations raised the trial court's suspicions of impairment. Defendant does not explain how having Mr. Asay questioned further on *voir dire* would reveal any additional information which may have required a different procedure. In denying the motion for disqualification, the trial court noted,

> I heard the testimony. And I could understand -- what he was saying and the transcript will reflect that the Court Reporter probably could understand also what he was saying.[1] There are parts that he -- I thought he was slurring his words and required questions be repeated. The Court was unaware whether this was the result of extensive drug use and he was suffering from some sort of damage that had been done to his language skills and mental faculties or not. But I think he was able to discuss the events of April 18, 2017, and was generally understandable by the jurors. The motion under Rule 601 -- or the motions raised by the Defense under 601 are denied.

Our Supreme Court has noted that the trial court's observations of the witness put the trial court in the best position to assess the competency of a witness:

> In addition, the trial court's determination that a witness is competent to testify is with good reason within the discretion of that court, which has the opportunity itself to observe the comportment of the witness. And where the effect of drug use is concerned, in particular, the question is more properly one of the witness's credibility, not his competence. As such, it is in the jury's province to weigh his evidence, not in the court's to bar it.

---

[1] The trial court was correct. The transcript does not reflect any problems with transcription of the testimony.

*State v. Fields*, 315 N.C. 191, 204, 337 S.E.2d 518, 526 (1985).

Defendant has not demonstrated any abuse of discretion by the trial court. Instead, the trial court initiated the investigation of Mr. Asay's impairment, advised counsel, solicited their arguments and suggestions on how to proceed, and gave a well-reasoned explanation of its rulings. Evidence of Mr. Asay's impairment was presented to the jury, and thus the jury was free to determine whether they found Mr. Asay's testimony credible. *See id.* Accordingly, this argument is overruled.

B.     Motion for Mistrial

Defendant also contends the trial court should have allowed his motion for a mistrial as "the single most important witness for the State testified while he was drug impaired." "[A] mistrial is a drastic remedy, warranted only for such serious improprieties as would make it impossible to attain a fair and impartial verdict. Our standard of review when examining a trial court's denial of a motion for mistrial is abuse of discretion." *State v. Jones*, 241 N.C. App. 132, 138, 772 S.E.2d 470, 475 (2015) (citation, quotation marks, ellipses, and brackets omitted).

Here, defendant has not alleged that Mr. Adam's testimony was incoherent or difficult to understand. Rather, defendant contends, without citing legal authority, that because Mr. Asay was under the influence of drugs when he testified, his testimony tainted his entire trial. In addition, the other evidence, including the testimony of Detective Noel and the videotape, corroborated Mr. Asay's testimony.

As discussed above, the trial court found Mr. Asay was competent to testify and the jury was informed about his impairment during his testimony, and thus could consider his credibility and the weight to give to his testimony. As Mr. Asay was competent to testify and the jury was informed of his impairment, we see no basis for defendant's claim it was "impossible to attain a fair and impartial verdict[,]" *id.*, and therefore we do not conclude that the trial court abused its discretion. This argument is overruled.

## III. Conclusion

Therefore, we conclude there was no error.

NO ERROR.

Judges BERGER and COLLINS concur.