*Claude F. Cooper* and *T. J. Crowder,* for appellant.

*Jack Holt,* Attorney General and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

BAKER, J.   The proscuting attorney filed an information in the circuit court, in which the appellant was charged with having embezzled certain funds amounting to $986.55 from Manila School District No. 15, Shady Grove School District No. 39, Milligan School District No. 8, Black Water School District No. 53, and Rocky School District No. 54.   The information was as follows:

"INFORMATION

"I, Bruce Ivy, prosecuting attorney within and for the Second Judicial Circuit of the State of Arkansas, of which Mississippi county is a part, in the name and by

the authority of the State of Arkansas, on oath, accuse the defendant, Alex Baker, of the crime of embezzlement committed as follows, to-wit: The said defendant on the 1st day of July, 1938, in Chickasawba district, Mississippi county, Arkansas, then and there being a duly elected, qualified and acting school director of Manila School District No. 15, in the Chickasawba district of Mississippi county, Arkansas, and having taken the oath of office as such school director, as required by law, and by virtue of said office aforesaid, and by virtue of he, the said Alex Baker, having been appointed and designated and empowered by the Board of Directors of Manila School District No. 15, Shady Grove District No. 39, Milligan School District No. 8, Black Water School District No. 53, and Rocky School District No. 54, as the school director, agent and representative to collect and receive rents and profits coming from the following described land located in the Chickasawba district of Mississippi county, Arkansas, to-wit: Section 16, township 14 north, range 8 east, and while acting in the capacity as school director, and by virtue of said office, and while acting in the capacity of agent, collector and representative of said school districts, he did collect and have in his possession the sum of $986.55, in gold, silver and paper money, lawful money of the United States, of the value of $986.55, being the property of Manila School District No. 15, Shady Grove School District No. 39, Milligan School District No. 8, Black Water School District No. 53, and Rocky School District No. 54, said school districts being organized and incorporated under and by virtue of the laws of the State of Arkansas, and while he, the said Alex Baker, was acting as such school director and was acting as agent and representative of said school districts in collecting and receiving said rents, and having in his possession such sums of money and public funds aforesaid by virtue of his said office, appointment and employment, did then and there, with felonious intent to cheat and defraud said school districts, unlawfully, feloniously and fraudulently embezzle, misuse and convert to his own use and benefit said sum

of money; against the peace and dignity of the State of Arkansas.

"(Signed)   Bruce Ivy,
*Prosecuting Attorney.*"

Upon trial there was a verdict of guilty. Punishment was fixed at imprisonment in the state pentitentiary for a period of three years.

The only question raised in this case is by motion in arrest of judgment filed by defendant, appellant here. The point raised by the motion is that the information is void in that it fails entirely to state a crime or offense against the laws of the State of Arkansas. It must appear, therefore, that the only question presented is one of law—the sufficiency of the information. The authority upon which the appellant relies is the announcement made in the case of *Compton* v. *State,* 102 Ark. 213, 143 S. W. 897. It was there said: "No demurrer to the indictment was filed, but the defendant filed a motion in arrest of judgment. The statute provides that the only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. Kirby's Digest, § 2427; *Ince* v. *State,* 77 Ark. 426, 93 S. W. 65."

The same remark is pertinent here, it being necessary to substitute for the word "indictment" the word "information," and the corresponding section to the section in Kirby's Digest, which is § 4064, Pope's Digest.

It is argued most strongly that § 3151 of Pope's Digest, as construed in *Compton* v. *State, supra,* cannot be authority or basis for the information charging the appellant with embezzlement. The language of the particular section of the statute was analyzed by the court, and it was the conclusion that the statute by its very language limits the employees mentioned therein to those of private businesses, co-partnerships or private corporations and since the school district does not come within this particular classification, that section of the statute was not sufficiently broad to justify an indictment thereunder in the Compton case, *supra.* So, it is

argued in the instant case that under like conditions and circumstances we may not, without overruling the Compton case, hold that appellant, Baker, was properly prosecuted under the said section. By a divided court, such a contention was upheld in the cited case. But the appellant did not escape the effect of his conviction because the court held that the indictment upon which he was convicted was sufficient to charge an offense under § 1839 of Kirby's Digest, which is now brought forward as § 3153, Pope's Digest.

Appellant now argues, in regard to this last section, that it may not be invoked to sustain the conviction of the appellant for the reason that the information, as set forth above, was prepared and filed and was meant to charge an offense under the aforesaid § 3151 of Pope's Digest and that this is apparent from the language used. It may be true that the pleader in drafting his information had before him and in mind the language of the aforesaid statute and followed the same to some extent in the preparation of the charge upon which appellant was tried, but it certainly does not necessarily follow, as a matter of law, that because thereof, even if true, the defendant must be discharged. Certainly, if by reasonable construction the language of the information charges an offense against the laws of the State under any other provision of the statutes, the ineptitude of the pleader's diction would not operate to nullify the proceedings.

Examination of this information under consideration indicates pretty clearly it seems that the pleader had in mind that it was necessary to show that the defendant, appellant here, was a school director of the Manila School District No. 15, and that he was acting in that capacity in collecting the money belonging or owing to that school district and the others, but it must be apparent that there was no intention to charge him with embezzlement as such officer. Acting as an officer he could not have embezzled the money from the district he represented. So we must regard that portion of the information as being in the nature of an explanatory text or merely as descriptive of the person. It says that he was employed by the board of directors of the Manila

School District and the others as such school director and as agent and representative. No reasonable interpretation of this information would suggest that it was the intention of the pleader to charge that the defendant was acting as a director for more than one school district, but it does charge that he was agent and representative to collect and receive rents and profits from the sixteenth section lands belonging to all the school districts. It charges also that "while acting in the capacity of agent, collector and representative of the school districts, he did collect and have in his possession the sum of $986.55."

It is charged also that while acting as agent and representative in collecting and receiving rents and having in his possession such sums of money and public funds aforesaid he "embezzled the same." The information is not susceptible of any interpretation that acting as an officer he embezzled it, because it says that he converted to his own use and benefit the said sum of money. He could not have done so if he had acted as an officer because he would have then taken the money for the benefit of the district. So, in this case, as in the Compton case, *supra,* he was an agent or employee, having in his possession money, the property of the several districts. He was necessarily a bailee, the money did not belong to him, but he collected for those to whom it did belong and as such bailee he embezzled and converted the funds to his own use. There is some argument or suggestion that for the reason that this money had never come into possession of the districts he could not have embezzled the same. It is clearly apparent from the charge that the money was not his; that he was a mere agent for the collection thereof, and the title remained in the several districts until there was a conversion and embezzlement.

In 18 Amer. Jur., p. 587, § 30, we find: "Most embezzlement statutes by their terms apply to conversions or misappropriations by agents. The term 'agent' as used in embezzlement statutes is construed in its popular sense as meaning a person who undertakes to transact some business or to manage some affair for another by

the latter's authority and to render an account of such business or affair. The term 'agent' as employed in such statutes imports a principal and implies employment, service, and delegated authority to do something in the name and stead of the principal—an employment by virtue of which the money or property embezzled came into the agent's possession.''

A similar situation to this matter we are now considering arose in the case of *Wallis* v. *State,* 54 Ark. 611, 16 S. W. 821. In that case, an attorney had collected certain money for which he was entitled to a commission as a fee. This was school money. He had the right to segregate a one-tenth part from the collection and appropriate or keep that part, but until he did segregate the amount all of it belonged to the school district. The charge in that case, as in the instant case, was a felonious conversion. It was held there, as we now hold, that an agent or servant of the school district has no right to embezzle school funds or moneys belonging to a school district and the fact that he was a director in no manner absolves him from the consequences of his act.

Under our new system of practice, Initiated Act No. 3, adopted November 3, 1936, (Acts of 1937, p. 1384) it would be unnecessary to set forth the minute details so carefully identifying the defendant or descriptive of his relation to and in connection with the several school districts, but perhaps if that system had been followed, it might have been necessary, in response to a proper motion, to file a bill of particulars which would have contained just such information as is set forth in the charge under consideration. So in this case, the particular party is properly identified, the nature of employment is correctly and fairly stated, the method whereby he obtained possession of the property, as is also the fact of his conversion and embezzlement, and such facts were alleged as make him in law a bailee as that term has been interpreted in *Wallace* v. *State, supra,* nor was there any improper joinder of offenses under § 20, subdivision nine thereof, of said Initiated Act No. 3. The information as filed must, of course, be held to be good.

Affirmed.