## Maryann SIMMS *v.* STATE of Arkansas

CA CR 84-89                    675 S.W.2d 643

Court of Appeals of Arkansas
Division II
Opinion delivered September 19, 1984

*F. James Jefferson,* for appellant.

*Steve Clark,* Atty. Gen., by: *Leslie M. Powell,* Asst. Atty. Gen., for appellee.

LAWSON CLONINGER, Judge. Appellant was convicted of Interference with Custody, a Class D felony, Ark. Stat. Ann. § 41-2411 (Repl. 1977), and was given a three year suspended

sentence. On appeal, she argues a single point for reversal, contending that the evidence was insufficient to support a conviction because she lacked the necessary culpable mental state. We do not agree, and we affirm the trial court's decision.

Ark. Stat. Ann. § 41-2411 (Repl. 1977) provides:

(1) A person commits the offense of interference with custody if, knowing that he has no lawful right to do so, he takes, entices, or keeps any person entrusted by court decree to the custody of another person or to an institution from the lawful custody of that person or institution.

(2) Interference with custody is a class D felony if such person is taken, enticed, or kept without the state of Arkansas. Otherwise, it is a class A misdemeanor.

The instant case was submitted to the circuit court on a stipulation of facts signed by appellant and the deputy prosecutor. The parties stipulated that, following the separation of appellant and her husband, a decree was entered awarding joint custody of their minor child for alternating three month periods. At the beginning of the first three month period, during which the husband had custody of the child, appellant moved back into her husband's residence, and the couple resumed cohabitation. Later in the same month, while her husband was at work, appellant removed the child from the house and moved to the state of Arizona. She was charged with Interference with Custody and was extradited to Arkansas. The Arizona authorities returned the child to the custody of her father.

The trial court found appellant guilty on the basis of the stipulated facts. In a letter to both parties, the judge explained his finding:

Defendant now contends that because she resumed cohabitation with Marlin Sims . . . the custody order entered in the divorce proceeding was nullified, particularly in view of the fact that no divorce was

granted. Defendant's position, if honored, would amount to a vacation of a legitimate court order by the conduct of the parties in the case without any reference to the court concerning the best interests of the child. This cannot be permitted for many reasons. If Defendant wanted to change the custody arrangement ordered by the court, she should have made application to the court to do so. Instead, she took action which constitutes contempt of court and cannot be countenanced by this Court.

The court then ordered appellant to appear for sentencing.

In the sentencing phase, appellant testified that when she realized that the renewed relationship between her and her husband was not going to be successful she considered leaving with her daughter. Aware that she might not legally be able to do so, appellant consulted with her attorney. She claimed that her subsequent actions were in accord with her lawyer's advice. Appellant now urges that she lacked the requisite culpable mental state because she had sought the advice of counsel before violating the terms of the court order and believed that her actions were lawful.

Appellant's testimony concerning her conversation with her attorney was given in the sentencing phase of the proceedings against her. It is obvious from the record that the account was offered and accepted as mitigating, rather than exculpating, evidence. In passing sentence the judge said that *"under the circumstances* I will suspend imposition of a sentence of three years, and the reason I'm doing it that way rather than probation is because I really don't see any need for supervision in this case *under the circumstances."* (Emphasis added.) On the basis of the stipulated facts, the court clearly was within the bounds of its dual function of trier of fact and of law in finding appellant guilty. We find no irregularity in the sentencing phase; to the contrary, it appears that the court properly and, we might add, humanely, exercised its discretion in considering, before passing sentence, the various factors that prompted appellant's violation of the law.

In criminal cases, this Court presumes that an appellant has been given a fair trial and that the judgment of conviction is valid; appellant bears the burden of showing either prejudicial error in the record or such inadequacy in the record that error cannot be shown. *Kendrick* v. *State,* 6 Ark. App. 427, 644 S.W.2d 297 (1982). Appellant was convicted under facts to which she agreed to stipulate; she was given an opportunity to present evidence in mitigation before she was sentenced. Nowhere does she show prejudicial error, and her conviction must stand.

Affirmed.

MAYFIELD and CORBIN, JJ., agree.