Murl RICHARD *v.* STATE of Arkansas

CR 85-54                                        691 S.W.2d 872

Supreme Court of Arkansas
Opinion delivered July 8, 1985

*William R. Simpson, Jr.*, Public Defender, *Jerry Salling*, Deputy Public Defender, by: *Thomas J. O'Hern*, Deputy Public Defender, for appellant.

*Steve Clark*, Att'y Gen., by: *Mary Beth Sudduth*, Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. Appellant was convicted of aggravated robbery and theft of property and was sentenced, as a habitual criminal, to consecutive terms of life and thirty years in prison. On appeal, he argues that the court erred in instructing the jury on an element of aggravated robbery not charged in the information. We think the trial court was correct and affirm.

The victim testified that the appellant brandished a small handgun in the course of robbing her and stealing her purse and van. The information recited that appellant had committed robbery while armed with a deadly weapon. During the course of the trial, the state's evidence revealed that the only pistol recovered was a small cap pistol. It was found under the seat of a taxicab in which appellant was sitting at the time of his arrest. The victim could not identify the cap pistol as the "weapon" used in the robbery, although she did state that it was a small pistol.

Over appellant's objection, the court instructed the jury that appellant could be found guilty of aggravated robbery if it were found, among other things, that he "was armed with a deadly weapon or represented by words or conduct that he was armed with a deadly weapon." The instruction is a model instruction [AMCI 2102] and also tracks the language of Ark. Stat. Ann. § 41-2102 (Supp. 1983).

Appellant's argument here is that since he was charged with aggravated robbery by the actual use of a deadly weapon, it was error to submit to the jury an instruction which allowed them to convict appellant upon proof that he merely represented that he was so armed. Stated another way, appellant asserts that he was convicted of a crime with which he was not charged.

It is obvious, and undisputed, that the state would have been entitled to amend the information to conform to the proof since such an amendment in this case would not have changed the nature or degree of the crime charged. *Jones* v. *State*, 275 Ark. 12, 627 S.W.2d 6 (1982); *Workman* v. *State*, 267 Ark. 103, 589

S.W.2d 21 (1979); Ark. Stat. Ann. § 43-1024 (Repl. 1977). Nevertheless, the state did not amend the information.

In *Clayborn* v. *State*, 278 Ark. 533, 647 S.W.2d 433 (1983) we held that it was reversible error to instruct the jury on the elements of rape by forcible sexual intercourse in a case where the defendant had been charged only with rape by forcible deviate sexual activity. We said that the two types of rape are essentially two different crimes, having different natures and involving different acts. We think, however, that this case is more like *Ridgeway* v. *State*, 251 Ark. 157, 472 S.W.2d 108 (1971). In *Ridgeway*, the defendant was charged with assault with intent to kill. The information alleged that the assault was made with a knife. The state's proof showed that the assault was made with a gun. We held that only one crime, assault with intent to kill, was involved.

■■ We think the same is true here. To sustain a charge of aggravated robbery, the state must prove that the accused: had the purpose of committing a theft or resisting apprehension; employed or threatened to immediately employ physical force upon another; and was armed or represented himself to be armed with a deadly weapon, or inflicted or attempted to inflict death or serious injury upon another, Ark. Stat. Ann. §§ 41-2102 (Supp. 1983) and 41-2103 (Repl. 1977). Appellant's argument might have more force if he had been charged with aggravated robbery by inflicting injury and the proof had shown aggravated robbery by use of a weapon. In such a case, the *Clayborn* rationale might well apply because of the difference in the natures of, and the acts constituting, the two crimes. In this case, however, the crime charged and the crime proved are essentially identical. Appellant was armed with what appeared to be a deadly weapon. As the commentary to Ark. Stat. Ann. § 41-2103 points out, the gravamen of the crime of robbery is the injury or threat of injury to the victim. The threat of injury was just as real to the victim in this case as it would have been had the gun been capable of inflicting injury. The legislature has made no provision for lesser punishment of those threatening their victims with phony weapons precisely because the victims perceive no difference in the two types of threats.

■■ We have held that an information is not defective if it

"sufficiently apprises the individual of the specific crime with which he is charged to the extent necessary to enable him to prepare his defense." *Beard* v. *State*, 269 Ark. 16, 598 S.W.2d 72 (1980); *Workman* v. *State*, 267 Ark. 103, 589 S.W.2d 20 (1979). *See also*, Ark. Stat. Ann. §§ 43-1006, 43-1008, 43-1022 (Repl. 1977). We think the information in this case met the applicable requirements. We have also held that instructions which are applicable to the facts of the case and which follow the words of the statute are proper. *Wood* v. *State*, 248 Ark. 109, 450 S.W.2d 537 (1970).

█ In the absence of a motion for a bill of particulars, an objection to the introduction of testimony about the bogus nature of the pistol or to the introduction of the pistol itself, a plea of surprise, or any showing of prejudice, we conclude that the trial court was correct in submitting the instruction at issue.

Pursuant to the requirements of Ark. Stat. Ann. § 43-2725 (Repl. 1977), A.R.Cr.P. Rule 36.24 and Ark. Sup. Ct. R. 11 (f), we have reviewed the record and all objections and find no errors prejudicial to the appellant.

Affirmed.

GEORGE ROSE SMITH and DUDLEY, JJ., not participating.