Carl Wade COUSINS *v.* STATE of Arkansas

CA CR 02-918 112 S.W.3d 373

Court of Appeals of Arkansas
Division IV
Opinion delivered May 7, 2003

*Erwin L. Davis,* for appellant.

*Mike Beebe,* Att'y Gen., by: *Vada Berger,* Ass't Att'y Gen., for appellee.

JOHN MAUZY PITTMAN, Judge. The appellant in this criminal case was charged with committing first-degree sexual abuse on September 13, 2001. After a trial, the jury found him guilty of that offense, fined him $1000.00, and sentenced him to seven years' imprisonment. The trial court delayed formal sentencing for several days. When the parties appeared for sentencing, appellant moved to vacate the jury verdict on the grounds that the statute he had been convicted of violating was not in force at the time he was alleged to have committed the acts constituting the offense, and that to convict him of violating the statute after it expired would be to apply it as an ex post facto law. The trial court denied the motion, stating that the newly-enacted offense of second-degree sexual assault criminalized the identical conduct, and that the appellant was not prejudiced by the name of the crime not being correctly listed in the felony information. The trial court then entered a judgment stating that appellant had been convicted of second-degree sexual assault. From that decision, comes this appeal.

For reversal, appellant contends that the trial court erred in denying his motion to vacate the jury verdict.[1] We agree, and we reverse and remand.

 Despite the trial court's entry of a judgment of conviction for second-degree sexual assault, it is clear that appellant was tried for and found guilty of having committed first-degree sexual abuse after the statute proscribing that offense was repealed. This was error. A state cannot, consistently with the Due Process Clause of the Fourteenth Amendment, convict a defendant for conduct that its criminal statute, as properly interpreted, does not prohibit. *Fiore v. White*, 531 U.S. 225 (2001).

Nor do we agree that appellant was not prejudiced by the trial judge's denial of his motion to vacate the jury verdict. The jury expressly found that appellant committed the offense of first-degree sexual abuse in violation of Ark. Code Ann. § 5-14-108(a)(4) (Repl. 1997), which provided that "[a] person commits sexual abuse in the first degree if . . . [b]eing eighteen (18) years old or older, he engages in sexual contact with a person not his spouse who is less than fourteen (14) years old." "Sexual contact"

---

[1] The State contends that appellant is barred from arguing due process considerations on appeal because he based his objection at trial on ex post facto grounds. We do not agree. Although appellant's objection did not expressly identify his conviction for violating a statute that was no longer in force as a denial of due process, the supreme court has recognized that, in a case such as the present one, the concepts of due process and ex post facto are intertwined:

> "Ex post facto" literally means a law passed after the fact. That is, after the occurrence of the fact, or the crime. The constitutional prohibition on ex post facto laws is a limitation upon the powers of the legislature and does not of its own force apply to the judicial branch. However, the principle on which the clause is based, the notion that persons have a right to fair warning of that conduct which will give rise to criminal penalties, is fundamental to our concept of constitutional liberty, and as such, is protected against judicial action by the due process clause of the Fifth Amendment. *Marks v. United States*, 430 U.S. 188 (1977). Accordingly, the Supreme Court held that an unforeseen judicial enlargement of a criminal statute, applied retrospectively, operates precisely like an ex post facto law that is prohibited by Article I, § 10 of the Constitution of the United States, and it follows that such an interpretation is barred by the due process clause of the Fourteenth Amendment from achieving precisely the same result by judicial construction. The fundamental principle is that the *required criminal law must have existed when the crime occurred*. *Collins v. Youngblood*, [497 U.S. 37,]110 S. Ct. 2715 (1990).

*Mauppin v. State*, 309 Ark. 235, 251-52, 831 S.W.2d 104, 112 (1992) (emphasis in original).

means any act of sexual gratification involving the touching, directly or through clothing, of the sex organs, buttocks, or anus of a person or the breast of a female. Ark. Code Ann. § 5-14-101(8) (Repl. 1997). Section 5-14-108 was repealed by Act 1738 of 2001, which became effective August 13, 2001.

█ The trial judge entered a judgment convicting appellant of committing the newly-created offense of second-degree sexual assault in violation of Ark. Code Ann. § 5-14-125(a)(3) (Supp. 2001), which provides that "[a] person commits sexual assault in the second degree if the person . . . [b]eing eighteen (18) years of age or older, engages in sexual contact with the sex organs of another person, not the person's spouse, who is less than fourteen (14) years of age[.]" These statutes clearly differ in that sexual abuse in the first degree could have been committed by touching the buttocks or sex organs, while a conviction of sexual assault in the second degree requires touching of the sex organs. At trial, appellant admitted that he touched the buttocks of a person less than fourteen years of age, although he excused this as roughhousing. There was also testimony from the victim that appellant touched her sex organs. The jury made no express findings of fact regarding the manner in which the offense was committed, and it is therefore possible that appellant was convicted because the jury believed he touched the victim's buttocks for sexual gratification, while disbelieving that he touched the victim's sex organs. Consequently, we reverse and remand for the trial court to enter an order vacating the judgment and setting aside the jury verdict.[2]

Reversed and remanded with directions.

NEAL and ROAF, JJ., agree.

---

[2] The parties do not raise, and we do not address, the question of whether the State may bring new charges against appellant under the proper statute, or whether it would be barred from doing so by considerations of double jeopardy. In the absence of any indication in the record that new charges have been or will be filed against appellant, the question is not ripe for review. *See Bailey v. State*, 100 Nev. 562, 688 P.2d 320 (1984). We note, however, that if the State does bring such charges, appellant would be entitled to oppose them by filing a motion to dismiss in the trial court and, if necessary, an interlocutory appeal in the Arkansas Supreme Court. *See Sherman v. State*, 326 Ark. 153, 931 S.W.2d 417 (1996).