## Curtis Keith HOLT *v.* STATE of Arkansas

CA CR 03-725                                                147 S.W.3d 699

Court of Appeals of Arkansas
Division II
Opinion delivered February 18, 2004

*Rush, Rush and Cook*, by: *David L. Rush*, for appellant.

*Mike Beebe*, Att'y Gen., by: *Brad Newman* Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Curtis Keith Holt pled *nolo contendere* to the charge of sexual misconduct and received a suspended imposition of sentence. Eleven months later, he filed a motion in arrest of judgment. It is from the trial court's order denying his motion that appellant brings this appeal. We affirm.

On October 2, 2001, the State charged appellant with attempted sexual solicitation of a minor. The information alleged that the criminal conduct had occurred from October 1, 2000, through April 27, 2001. On October 3, 2001, the Sebastian

County Circuit Court entered a judgment showing that appellant had pled *nolo contendere* to an amended charge of sexual misconduct. The court suspended imposition of sentence for one year subject to appellant's paying a $500 fine; registering as a sexual offender with the Sexual Offenders Registration Program; obtaining counseling; and other terms and conditions as set forth by the court.

On April 3, 2002, the State filed a petition to revoke appellant's suspended sentence based on appellant's noncompliance with the condition that he obtain counseling. The matter was continued for some time, and on September 30, 2002, appellant filed a motion in arrest of the October 3, 2001 judgment. In support of this motion, appellant argued that because Ark. Code Ann. § 5-14-107 (Repl. 1997), the statute defining sexual misconduct as a criminal offense, had been repealed before he entered his plea of *nolo contendere*, the judgment on that plea should be set aside.

The State subsequently moved to withdraw the petition to revoke because, during the interim, appellant had completed the court-ordered counseling. On January 8, 2003, the court granted the State's motion to withdraw and denied appellant's motion in arrest of judgment. The court denied the motion on the basis that appellant had not timely filed a petition for post-conviction relief under Ark. R. Crim. P. 37 to challenge an illegal sentence. The court further stated that the motion would be denied even if it had been timely filed because the court would simply substitute the new offense of sexual assault in the fourth degree, defined at Ark. Code Ann. § 5-14-127 (Repl. 2003), for the offense of sexual misconduct, finding that the elements of the two were "basically the same." However, because the court found the motion to be untimely, it never entered a substituted judgment.

A motion in arrest of judgment is defined at Ark. Code Ann. § 16-90-101(a) (1987), as an application on the part of the defendant that no judgment be rendered upon a verdict against him, or on a plea of guilty. The only ground upon which a judgment shall be arrested is that the facts stated in the indictment do not constitute a public offense within the jurisdiction of the court. Ark. Code Ann. § 16-90-101(c).

As the basis for his motion in arrest of judgment, appellant argued that the judgment entered against him was for a charge that did not constitute an offense because, the statute defining sexual misconduct as an offense had been repealed at the

time of his plea. Appellant cannot prevail on this argument because the statute in effect at the time the offense is committed is the proper statute under which to proceed; it is irrelevant what statute was or was not in effect at the time of a plea or entry of judgment.

The effect of the repeal of a statute is set out at Ark. Code Ann. § 1-2-120 (Repl. 1997):

(a) When a statute is repealed and the repealing statute is afterwards repealed, the first statute shall not thereby be revived unless by express words.

(b) When any criminal or penal statute is repealed, all offenses committed or forfeitures accrued under it while it was in force shall be punished or enforced as if it were in force, notwithstanding the repeal, unless otherwise expressly provided in the repealing statute.

(c) No action, plea, prosecution, or proceeding, civil or criminal, pending at the time of any statutory provision is repealed shall be affected by the repeal but shall proceed in all respects as if the statutory provision had not been repealed.

In addition to the above, Ark. Code Ann. § 5-1-103(e) (Repl. 1996) provides:

When all or part of a statute defining a criminal offense is amended or repealed, the statute or part thereof so amended or repealed shall remain in force for the purpose of authorizing the prosecution, conviction, and punishment of a person committing an offense under the statute or part thereof prior to the effective date of the amending or repealing act.

In section nine of Act 1738 of 2001, the General Assembly revised portions of the statutes defining sexual offenses. Act 1738 did not contain an emergency clause. According to an opinion issued by the Attorney General's office, acts passed during the 2001 legislative session without emergency clauses became effective on .August 13, 2001. See Op. A.G. 2001-138.

■ The information filed by the State charged appellant with criminal conduct that occurred from October 1, 2000, through April 27, 2001. The statute defining sexual misconduct, Ark. Code Ann. § 5-14-107, was clearly in effect during this time frame. Under the provisions of Ark. Code Ann. § 1-2-120 and

§ 5-1-103(e), the sexual misconduct statute remained in effect for the purpose of prosecuting, convicting, and punishing all offenses committed prior to its repeal.

Appellant's reliance on *Cousins v. State*, 82 Ark. App. 84, 112 S.W.3d 373 (2003), is misplaced. In *Cousins*, the defendant was charged with having committed first-degree sexual abuse on September 13, 2001, and was found guilty by a jury. When the parties appeared for sentencing, the defendant moved to vacate the jury verdict on the grounds that the statute he had been convicted of violating was not in force at the time he was alleged to have committed the acts constituting the offense. The statute defining first-degree sexual abuse, Ark. Code Ann. § 5-14-108 (Repl. 1997), was repealed by Act 1738 of 2001, which became effective on August 13, 2001. The trial court denied the defendant's motion, stating that the newly-enacted offense of second-degree sexual assault criminalized the identical conduct, and entered a judgment stating that the defendant had been convicted of second-degree sexual assault.

Noting that the language of the two statutes clearly differed, in that sexual abuse in the first degree could have been committed by touching the buttocks or sex organs, while a conviction of sexual assault in the second degree required touching of the sex organs, we agreed that the jury verdict should have been vacated. We held that, despite the trial court's entry of a judgment of conviction for second-degree sexual assault, it was clear that the defendant was tried for and found guilty of having committed first-degree sexual abuse after the statute proscribing that offense was repealed, and that this was error.

In *Cousins*, the criminal conduct occurred after the statute defining it as an offense had been repealed. In the case at bar, the criminal conduct occurred while the statute defining it as an offense was still in effect.

Two recent supreme court cases, though not directly on point, indicate that the time the offenses are committed determines which law applies to the situation. In *Smith v. State*, 354 Ark. 226, 118 S.W.3d 542 (2003), the defendant was convicted of twenty counts of violation of a minor in the first degree as defined in Ark. Code Ann. § 5-14-120 (Repl. 1997). The court observed in a footnote that although the General Assembly repealed Ark. Code Ann. § 5-4-120 in the 2001 legislative session, the repealing

act became effective August 13, 2001, and did not apply because the defendant committed the offenses at issue before that date.

In *Gates v. State*, 353 Ark. 333, 107 S.W.3d 868 (2003), the court noted that Act 1569 of 1999, dealing with a trial court's subject–matter jurisdiction to modify or amend an original sentence once it was put into execution, did not apply retroactively to offenses committed prior to April 15, 1999, the effective date of the act. The court stated that in order for the act to apply to the facts in *Gates*, the act must have been in effect at the time the original crime was committed.

■■  Based upon our statutory provisions regarding the effect of a repealed statute, the language found in the two supreme court cases cited above, and our decision in *Cousins*, we hold that, in deciding whether a defendant's conduct constitutes a criminal offense as defined by our statutes, the determinative date is the time period during which the criminal conduct occurred. Because we hold that appellant's motion in arrest of judgment was properly denied, we need not reach appellant's arguments regarding the timeliness of the motion or the propriety of a substituted judgment. We affirm the ruling of a trial court if it reached the right result, even though it may be for a different reason. *Medlock v. State*, 79 Ark. App. 447, 89 S.W.3d 357 (2002).

Affirmed.

STROUD, C.J., and HART, J., agree.