Daniel BARNES  *v.*  STATE of Arkansas

CA CR 05-959                                230 S.W.3d 311

Court of Appeals of Arkansas
Opinion delivered March 1, 2006

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Judge. Appellant Daniel Barnes was convicted of aggravated assault upon an employee of a correctional facility and misdemeanor criminal mischief, for which he was sentenced to three years' probation and a $250 fine. He raises two points on appeal, (1) that the trial court erred by allowing him to be prosecuted for aggravated assault because the information tracked language from a version of Ark. Code Ann. § 5-13-211 that was no longer in effect, and (2) that the trial court erred in denying his motion for directed verdict because the State failed to prove the elements of the offense pursuant to the version of the statute utilized by the State. We affirm.

On September 24, 2004, appellant was brought to the intake area of the Pulaski County Jail after being arrested for public intoxication. Because of his belligerent behavior, he was placed in a padded "safe cell." Appellant banged and kicked at the window of the cell, which may have already been cracked, until it eventually broke. Appellant was then placed in a restraint chair, and Thomas Tisch, an emergency medical technician from the Pulaski County Sheriff's Office, was called to check the tightness of the restraints. While Mr. Tisch was performing the check, appellant spat on him in such a manner that saliva entered his eyes, nose, and mouth. Appellant was charged with: (1) aggravated assault on a correctional-facility employee; (2) criminal mischief in the first degree; (3) impairing the operation of a vital public facility.

A bench trial was held on March 11, 2005, during which the State presented three witnesses, Deputy Brian Eslick, employee

Lily Weir, and Mr. Tisch, all of whom testified consistently as to the basic facts of the incident. At the close of the State's case, appellant moved for a directed verdict on all three counts, pursuant to which the criminal-mischief charge was reduced to a misdemeanor and the impairing-a-vital-public-facility charge was dismissed. Appellant also argued that the aggravated-assault charge should be dismissed because the information tracked language from a prior version of Ark. Code Ann. § 5-13-211(a) (Repl. 1997) that was no longer in effect at the time he allegedly committed the offense. Appellant's motion was denied as untimely. The State then moved to amend the information to clarify which version of the statute was being used, but the trial court denied the motion, claiming it was unnecessary.

Appellant was the sole witness for his case in chief, and during his testimony, he apologized to the court for his actions and explained that he was highly intoxicated at the time of the incident. At the close of the evidence, appellant renewed his motion to dismiss the aggravated-assault charge under either the old or new "theory of law," and the trial court summarily denied it. Appellant was convicted as set forth above, as evidenced by the judgment and conviction order filed on June 27, 2005. He filed a timely notice of appeal on July 14, 2005.

## I. Denial of Motion for Directed Verdict

Preservation of appellant's right against double jeopardy requires that we consider his challenge to the sufficiency of the evidence first even though it was not listed as his first point on appeal. See Grillot v. State, 353 Ark. 294, 107 S.W.3d 136 (2003). We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. Saul v. State, 365 Ark. 77, 225 S.W.3d 373 (2006). In reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. Id. We affirm a conviction if substantial evidence exists to support it. Id. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. Id.

Appellant states that, because the trial court denied the State's motion to amend the information, and assuming that because of that ruling the prior version of the statute was utilized, the State was required to prove that he caused a potential danger of

death or serious physical injury to the victim, Mr. Tisch. He asserts that there was no such proof, and accordingly, the trial court's denial of his motion for a directed verdict was erroneous. He argues that the State offered no proof that appellant suffered from a communicable disease; moreover, not one mention was made by the State regarding any danger, serious or otherwise, caused by appellant's spitting on Mr. Tisch. Appellant maintains that the evidence presented does not meet this standard and states that presumably, this level of proof is why the Arkansas Legislature amended the statute in 2003 to considerably lessen the burden that the State must carry in proving this offense. He asserts, however, that due to the trial court's refusal to allow the State to amend the information to conform to the amended statute, the State was required to prove the more onerous version of the statute. We need not address this argument because the record supports that appellant was convicted of violating the amended statute, as more fully discussed in Point II below, and he fails to challenge the sufficiency of the evidence supporting that conviction.

## II. Prosecution Under Ark. Code Ann. § 5-13-211

Aggravated assault upon an employee of a correctional facility is currently defined in Ark. Code Ann. § 5-13-211 (Supp. 2003) as:

> (a) A person commits aggravated assault upon an employee of a correctional facility if, under circumstances manifesting extreme indifference to the personal hygiene of the employee, he or she purposely engages in conduct that creates a potential danger of infection to an employee of any state or local correctional facility while the employee is engaged in the course of his or her employment by causing the employee to come into contact with saliva, blood, urine, feces, seminal fluid, or other bodily fluid by throwing, tossing, or expelling the fluid or material.
>
> (b) Aggravated assault upon an employee of a correctional facility is a Class D felony.

Act 1271 of 2003, § 1, amended subsection (a) of the 1997 replacement version of the statute in three ways: (1) the phrase "personal hygiene of the employee" was substituted for the phrase "value of human life" following the phrase "indifference to the"; (2) the term

"infection" was substituted for the phrase "death or serious physical injury" following the phrase "potential danger of"; (3) the phrase "by throwing, tossing, or expelling such fluid or material" was inserted at the end of the paragraph.

At the close of the State's case, appellant moved for the dismissal of the aggravated-assault charge, arguing that the State's information tracked the language of the prior version, which was no longer in effect at the time he committed the offense on September 24, 2004, and further claiming that it was too late in the process for the State to amend the information to conform to the amended version. He asserted that the amendments changed the nature of the charge, specifically that "what you have to do to be guilty of this charge is different." The State responded that the information could be amended at any time but also explained that the charge, offense, code section, and punishment range remained the same, despite the changes in wording. The trial court asked appellant's counsel whether there had been a request to quash the information or an allegation that it was insufficient prior to the trial, and she responded that there had not. After a brief recess, the trial court denied the motion to dismiss and found that any allegation of deficiency should have been raised prior to trial. The trial court also denied the State's motion to amend the information, determining that there was no need, and proceeded with the trial.

Appellant contends that it was the last decision by the trial court, not to allow the State to amend the information, that was the critical error in the case. He maintains that the effect of the ruling was to allow him to be convicted under language of a statute that was no longer in effect, either at the time of the commission of the alleged offense or the trial. He asserts that it is axiomatic that the legislature possesses the sole power to define crimes, *see United States v. Lanier*, 520 U.S. 259, 265 n.5 (1997), and that the trial court was erroneous in allowing the trial to proceed under the superseded version.

The State maintains that appellant's claim is not preserved for review. The trial court correctly noted that the proper time to object to the sufficiency of the information was before the trial. *See Meny v. State*, 314 Ark. 158, 861 S.W.2d 303 (1993). Because he failed to do so, his challenges, both to the trial court and on appeal, are barred. *See McNeese v. State*, 334 Ark. 445, 976

S.W.2d 373 (1998). Furthermore, because appellant resisted the State's motion to amend the information at the trial-court level, he cannot now attack it on appeal. *Banks v. State*, 354 Ark. 404, 125 S.W.3d 147 (2003).

■ Additionally, appellant's claim cannot prevail on the merits because he has not shown that he was convicted under the language of a statute that was no longer in effect. It is clear that the statute in effect at the time the offense is committed is the proper statute under which to proceed, *see Holt v. State*, 85 Ark. App. 151, 147 S.W.3d 699 (2004); however, the record does not reveal that appellant's conviction on this count runs afoul of that proposition. If appellant was uncertain as to which version of the statute the trial court relied upon, he should have asked for clarification on the point after the trial court denied both his motion to dismiss and the State's motion to amend the information. Instead, he proceeded to move for a directed verdict under *either* version, which the trial court denied. Appellant's failure to seek such clarification should not inure to his benefit, and he bears the burden to make a record below demonstrating prejudicial error. *See Rameriz v. State*, 91 Ark. App. 271, 209 S.W.3d 457 (2005). In criminal cases, this court presumes that an appellant has been given a fair trial and that the judgment of conviction is valid; appellant bears the burden of showing either prejudicial error in the record or such inadequacy in the record that error cannot be shown. *Simms v. State*, 12 Ark. App. 254, 675 S.W.2d 643 (1984).

■ Under Arkansas law, an information need only allege that the defendant committed a named offense, and it is not necessary to include a statement of the act or acts constituting the offense, unless the offense cannot be charged without it. Ark. Code Ann. § 16-85-403(a)(1) (1987). Accordingly, the State did not need to track the language of the statute in order to charge appellant because merely citing it was sufficient. The trial court determined that the State did not need to amend the information because it correctly cited the statute that he was charged with violating. We regard the additional language in the information as being in the nature of explanatory text that was superfluous and did not make it fatally defective such as to warrant reversal. *See Richard v. State*, 286 Ark. 410, 691 S.W.2d 872 (1985); *Jones v. State*, 275 Ark. 12, 627 S.W.2d 6 (1982); *Baker v. State*, 200 Ark. 688, 140 S.W.2d 1008 (1940). As our supreme court stated in *Baker, supra*:

It may be true that the pleader in drafting his information had before him and in mind the language of the aforesaid statute and followed the same to some extent in the preparation of the charge upon which appellant was tried, but it certainly does not necessarily follow, as a matter of law, that because thereof, even if true, that defendant must be discharged. Certainly, if by reasonable construction the language of the information charges an offense against the laws of the State, under any other provision of the statutes, the ineptitude of the pleader's diction would not operate to nullify the proceedings.

*Baker*, 200 Ark. at 691, 140 S.W.2d at 1009-10. In the instant case, the factual basis of the charge remained the same, specifically that appellant spit in the face of Thomas Tisch, an employee of the Pulaski County Sheriff's Office. Appellant's defense to the charge was that his great degree of intoxication at the time precluded him from having the requisite purposeful intent under either version of the statute. While the trial judge could have simply allowed the State to amend the information as requested, or explicitly stated that he was relying upon the amended version of the statute in making his ruling, appellant has failed to meet his burden of proving that the failure to do so was reversible error. Accordingly, we affirm on this point.

Affirmed.

ROBBINS and CRABTREE, JJ., agree.