LARRY D. VAUGHT, Judge
Eric Smith appeals his conviction by the Arkansas County Circuit Court of rape and sexual indecency with a child. He has appealed the sexual-indecency conviction,[1] arguing that the circuit court erred in denying his motion to dismiss because the amended information failed to provide sufficient notice of the allegations against him. We disagree and affirm.
Smith was accused by his girlfriend's two young daughters of touching them inappropriately and engaging in anal and oral sex with the younger daughter, age eight. The State filed an information on October 20, 2015, and filed an amended information on January 25, 2017, which alleged that Smith committed the offense of sexual indecency with a child in violation of Arkansas Code Annotated section 5-14-110 (Supp. 2017) when he
unlawfully and feloniously on or about May 27 and May 28, 2015 being eighteen (18) years of age or older, the person solicits another person who is less than fifteen (15) years of age or older, or who is represented to be less than fifteen (15) years of age to engage in sexual intercourse with the purpose to arouse or gratify a sexual desire of himself or herself or a sexual desire of another person, the person purposely exposes his or her sex organs to another person who is less than fifteen (15) years of age.
At trial, the State presented evidence that Smith exposed his penis to both girls but no evidence that Smith solicited either child for sex. At the close of the State's case, Smith's counsel moved to dismiss, arguing that the State had charged Smith with violating subsection 5-14-110(a)(1), which prohibits soliciting a minor for sexual intercourse, deviate sexual activity, or sexual contact and that the *424 State had introduced no evidence of solicitation. In response, the State argued that the information, while imprecise, also contained allegations that Smith had violated subsection (a)(2)(A) of the statute, which prohibits exposing one's genitals to a child for the purpose of sexual gratification. Ark. Code Ann. § 5-14-110(a)(2)(A). Smith argued that the State's amended information failed to properly notify him of the allegations against him and that he was prejudiced because he had been unable to prepare a defense to the exposure allegation. The court denied the motion and convicted Smith. This appeal follows.
Smith's challenge to the sufficiency of the information is not preserved for our review. Arkansas law allows a defendant to request a bill of particulars setting out the act or acts relied on by the State, and we have unequivocally held that "the proper time to object to the sufficiency of the information was before the trial." Barnes v. State , 94 Ark. App. 321, 325-26, 230 S.W.3d 311, 315 (2006) (citing Meny v. State , 314 Ark. 158, 861 S.W.2d 303 (1993) ). In Barnes , we held that a similar challenge to the sufficiency of the information was not preserved for appeal because Barnes failed to raise it before trial. So, too, must we hold that Smith's argument is not preserved here.
We also note that Smith's argument is meritless on its face. Pursuant to Arkansas law, an information need only allege that the defendant committed a named offense and it is not necessary to include a statement of the act or acts constituting the offense unless the offense cannot be charged without it. Ark. Code Ann. § 16-85-403(a)(1) (Supp. 2017). The amended information alleged that Smith had violated both parts of the sexual-indecency statute by (1) soliciting a minor for sex and (2) exposing his genitals to a minor. The fact that the State then presented proof to support the exposure allegation did not render the information inaccurate or misleading. In Barnes , we explained that "[w]e regard the additional language in the information as being in the nature of explanatory text that was superfluous and did not make it fatally defective such as to warrant reversal." 94 Ark. App. at 325-26, 230 S.W.3d at 315 (citing Richard v. State , 286 Ark. 410, 691 S.W.2d 872 (1985) ; Jones v. State , 275 Ark. 12, 627 S.W.2d 6 (1982) ; Baker v. State , 200 Ark. 688, 140 S.W.2d 1008 (1940) ). Moreover, Smith has not demonstrated prejudice as required in order to obtain relief on appeal. Meny , 314 Ark. 158, 861 S.W.2d 303. Although Smith claimed prejudice in not being able to adequately prepare a defense, the amended information clearly put Smith on notice that he was accused of exposing his genitals to a child. He has not demonstrated how he would have proceeded differently at trial had the superfluous language not been included in the amended information.
Affirmed.
Gladwin and Glover, JJ., agree.

Smith has not appealed his rape conviction.